OPINION OF THE COURT
Irving A. Green, J.
An unopposed application is made by the defendant in a medical malpractice action, for an order compelling the plain *961 tiffs to respond to the defendant’s demand, pursuant to CPLR 4010.
The demand consists of a notice in nature requiring the service by the plaintiffs of evidentiary particulars concerning collateral source payments that the plaintiffs may have received in replacement or indemnification of special damages or other economic loss claimed in the action. CPLR article 40 deals with the conduct of trials and not disclosure which is dealt with in CPLR article 31. A reading of CPLR 4010, which is a part of the medical malpractice package enacted by chapter 109 of the Laws of 1975, makes clear that it expresses a rule of evidence applicable during the conduct of the trial. Professor Siegel, in his commentary to CPLR 4010 (McKinney’s Cons Laws of NY, Book 7B, CPLR 4010, p 48), makes note that such section is "an evidentiary item and belongs in Article 45.”
The said statute neither by its express language nor reasonable implication creates an independent and separate procedural demand before trial for a pleading response in the nature of evidentiary particulars covering the matters of collateral source payments received by a plaintiff in a medical malpractice action. The said statute, however, does make evidence of collateral source payments received by a plaintiff in these actions, in replacement or indemnification of the special damages or other economic loss claimed, admissible upon trial for consideration by the trier of the facts. Such matters, therefore, by virtue of this statutory enactment, are brought within CPLR 3101 (subd [a]) which requires full disclosure, before trial, of all evidence material and necessary in the prosecution or defenses of an action.
The proper procedure, therefore, to obtain collateral source payments relevant to the medical malpractice action is via the prescribed disclosure methods set out in CPLR 3102. In a medical malpractice action wherein the complaint alleges special damages of the nature embraced within CPLR 4010, a demand for a bill of particulars thereof may be appropriate. Upon this application, however, the pleadings in the action have not been submitted and the court, therefore, is unable to determine the propriety of a bill of particulars vis-á-vis the defendant’s demand; and, therefore, the court does not reach such question.
Accordingly, the motion is denied without prejudice.