■ OSCAR MCKENZIE, as Administrator of the Estate of DOROTHY MCKENZIE,
Deceased, and as Guardian for ANETHA MCKENZIE, an Infant, Appellant, v
ST. ELIZABETH HOSPITAL, Respondent, et al., Defendant. — Order unani-
mously modified and, as modified, affirmed, without costs, in accordance with
the following memorandum: In this action for wrongful death claimed to have

been caused by the medical malpractice of defendant hospital and codefendant physician, plaintiff appeals from an order denying his motion to vacate or modify defendant hospital's demand for a bill of particulars (CPLR 3042, subd [a]). Since plaintiff's complaint does not adequately set forth a "General statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]), defendant hospital, in accordance with the demand, should be informed of the claimed acts of its negligence *(Randall v Pech,* 51 AD2d 864). If plaintiff lacks present knowledge of any element thereof, he may so state and, upon discovery, may serve an amended bill as of course (CPLR 3042, subd [g]). The demand for particulars is overbroad, however, in that it seeks evidentiary material (see Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3041.2, p 622). Those items which seek particularization of usual and accepted standards, as well as those demanding what advice, diagnosis or treatment should have been made or given, call for expert testimony and are purely evidentiary *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20; *Patterson v Jewish Hosp. & Med. Center of Brooklyn,* 94 Misc 2d 680, affd 65 AD2d 553; cf. *Hawkes v Mount Sinai Hosp.,* 75 AD2d 509). Thus demands numbered 4, 6, 8, 13 and 14 are improper and must be vacated. Demands numbered 23 and 24 require information concerning reimbursement from collateral sources (see CPLR 4010). There is no reason why this information should not be the subject of a bill of particulars (see *Corter v Luck,* 96 Misc 2d 960, 961) and plaintiff should respond thereto. Demands numbered 1 through 3, 5, 7, 9 through 12, 16 through 19 and 29 require information regarding the conduct of "each defendant." The complaint does not allege that the defendant hospital is vicariously liable for the claimed negligence of the physician. Accordingly, plaintiff should furnish particulars only as to the defendant hospital which may, however, demand to know whether plaintiff claims that the hospital is vicariously liable and, if so, the acts of physician negligence upon which plaintiff's claim is based. Finally, we note with regard to the dispute as to the timeliness of plaintiff's motion that at this early stage of the litigation it would place an unreasonable burden upon plaintiff to supply particulars beyond those heretofore directed. (Appeal from order of Oneida Supreme Court — wrongful death action.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.