■ LETTICIA BRYNES, Respondent, v NEW YORK HOSPITAL et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Lane, J.), entered January 5, 1982, denying defendants' motion to preclude or for a further bill of particulars, without prejudice to renewal if plaintiff fails to file a supplemental bill of particulars within a reasonable time after completion of disclosure proceedings, modified, on the law and on the facts, and in the exercise of discretion, without costs, to grant motion to the extent of striking the previously served bills of particulars and directing issuance of new bills of particulars, with leave to plaintiff to file supplemental bills 30 days after completion of disclosure proceedings. The issue arises from the circumstance that in a medical malpractice action plaintiff served identical bills of particulars on the several defendants, three doctors, each with different specialties, and a hospital. Special Term denied a motion to preclude, which had alleged that the bills did not comply with CPLR 3043, without prejudice to renewal of such a motion if plaintiff failed to file supplemental bills of particulars within a reasonable time after completion of disclosure proceedings. We note that most of the items in the bills of particulars embodied information applicable to each of the defendants. That, however, is clearly not so with regard to the item in the several bills of particulars purporting to detail the specific acts of negligence attributed to each of the defendants. This court has previously recognized that it frequently happens in medical malpractice actions that plaintiffs lack the requisite material information for a proper bill of particulars prior to disclosure proceedings. (See *Nelson v New York Univ. Med. Center,* 51 AD2d 352; see, also, *Patterson v Jewish Hosp. & Med. Center of Brooklyn,* 94 Misc 2d 680.) In that situation plaintiff's obligation is to be as responsive as the presently available level of information permits and to state directly the absence of information that plaintiff does not have and to provide it upon completion of disclosure. Recognizing the problem that frequently confronts plaintiffs in this kind of situation, we do not think it an appropriate response to file bills of particulars that are in all respects identical, even though it is obvious that the role of the several defendants differs. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.

Silverman, J., concurs in a memorandum as follows: The defect in the bills of particulars is not merely that identical bills were served with respect to different defendants whose negligence, if any, must have been in different respects. This identity is just one manifestation of the obvious purpose of these bills of particulars — to evade the function of the bills. "The purpose of a bill of

particulars is to amplify the pleading, limit the proof and prevent surprise at the trial." (*State of New York v Horsemen's Benevolent & Protective Assn.* [*N. Y. Div.*], 34 AD2d 769, 770.) "Amplify" here means of course to give further detail, not to broaden. It is apparent that the one thing plaintiff does not want to do by these bills of particulars is to "limit the proof and prevent surprise at the trial." Plaintiff is obviously attempting to avoid limiting the proof and preserve the possibility of surprise at the trial by using meaningless uninformative general language covering every conceivable claim that might be made in this or any other malpractice case. Granted that plaintiff does not yet know all the facts, surely the plaintiff should have some facts which indicate malpractice to justify instituting this suit. The present bills of particulars are obviously not a bona fide attempt to furnish such information as plaintiff has or to comply with the purposes and functions of a bill of particulars.