■ KEVIN D. McLAUGHLIN et al., Respondents, v JEFFREY CHARLES, an Infant, et al., Defendants, and CAIR BERRYANN, an Infant, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 2, 1982 in Ulster County, which denied defendants Berryanns' motion for an order directing plaintiffs to serve a further bill of particulars. The complaint alleges that while jogging adjacent to a public highway, plaintiff Kevin D. McLaughlin was struck and injured by a trail bike negligently operated by the infant defendants Jeffrey Charles and Cair Berryann, and that the parents of both infants were negligent in entrusting a dangerous instrumentality to their respective children. Defendants Cair Berryann and his parents served a demand for a bill of particulars which sought information, *inter alia,* regarding "each act of omission or commission claimed to have been negligent on the part of each defendant". Plaintiffs' response to this demand was to itemize a series of acts and omissions collectively against both infant defendants and a second series of acts and omissions collectively against both sets of parents. It was error for Special Term to deny defendants Berryanns' motion for a further bill of particulars specifically setting forth the claimed acts of negligence on their part, as distinguished from those claimed against the other defendants. The purpose of a bill of particulars is to amplify the pleadings, limit the proof, prevent surprise, and enable the preparation of a defense. Therefore, a party is entitled to the particulars of *his* specific acts or omissions on which a plaintiff's claim of negligence is based (*Bergman v General Motors Corp.,* 74 AD2d 886; *Schnell v New York Tel. Co.,* 12 AD2d 523). An undifferentiated aggregation of the claimed negligent acts and omissions of all defendants does not serve these purposes (*McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003, 1004; *Suskin v Long Is. Jewish Hillside Med. Center,* 99 Misc 2d 1023, 1025-1026), especially since it appears to be uncontested that the infant Berryann was not the actual operator of the bike. It was insufficient to defeat defendants' motion that plaintiffs' attorney in his opposing affidavit asserted that the infants were acting in concert. Such was not pleaded, and if this or any other theory of vicarious liability is intended to be relied upon by plaintiffs, these defendants are similarly entitled to know what acts of theirs are claimed to give rise to such liability (*McKenzie v St. Elizabeth Hosp., supra*). If plaintiffs lack present knowledge of the individual responsibility of the infant defendant Berryann and his parents, they may so state and, following discovery, may serve an amended bill of particulars as of right (CPLR 3042, subd [g]). Consequently, Special Term's order should be reversed and the defendants Berryanns' motion granted to the extent that plaintiffs are required to furnish a further bill of particulars in accordance herewith within 30 days after service upon them of a copy of the order to be entered hereon together with notice of entry. Order reversed, on the law and the facts, without costs, defendants' motion granted, and plaintiffs directed to furnish a further bill of particulars consistent herewith within 30 days after service of a copy of the order to be entered hereon together with notice of entry. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.