■ BASIL LAMB, Individually and as Executor of HELEN LAMB, Deceased, Respondent, v ROCHESTER GENERAL HOSPITAL et al., Defendants, and A. SPITAL, Appellant.—Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the following memorandum: The order of Special Term should be modified with respect to the items requested in paragraphs 17 and 18 of defendant Spital's demand for a bill of particulars, by striking plaintiff's responses thereto and directing service of a new bill of particulars, with leave to plaintiff to file a supplemental bill 30 days after completion of discovery proceedings. In this medical malpractice action plaintiff served identical bills of particulars on the several defendants: eight doctors, each with a different specialty, and a hospital and nurse. The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial *(see, Nuss v Pettibone Mercury Corp.,* 112 AD2d 744). Therefore, defendant Spital is entitled to a bill of particulars specifying the acts or omissions upon which plaintiff's claim of negligence against him is based, as distinguished from those claimed against the other defendants *(see, McLaughlin v Charles,* 91 AD2d 1119; *see also, Brynes v New York Hosp.,* 91 AD2d 907). "An undifferentiated aggregation of the claimed negligent acts and omissions of all defendants does not serve these purposes" *(McLaughlin v Charles, supra).*

This court recognizes that in medical malpractice actions a plaintiff often may lack present knowledge of relevant information required by a demand for a bill of particulars prior to the completion of disclosure *(see, Nelson v New York Univ. Med. Center,* 51 AD2d 352; *see also, Brynes v New York Hosp., supra,* at 907). In such circumstances, plaintiff should be as responsive as is presently possible. If unable to respond in any particulars, plaintiff should so state and upon acquiring knowledge of such particulars, through discovery, serve a supplemental bill *(accord, McLaughlin v Charles, supra,* at 1119; *see also, McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003).

Special Term correctly concluded that plaintiff is not required to respond to paragraphs 5 through 16 and 19 through 24 of defendant Spital's demands. Those demands are palpably improper and defendant Spital is not entitled to particulars regarding the alleged negligent conduct of the other defendants. There is no allegation that he is vicariously liable for the claimed negligence of the others *(see, McKenzie v St. Elizabeth Hosp., supra,* at 1004). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—preclusion order.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.