*268 OPINION OF THE COURT
Robert G. Hurlbutt, J.
Plaintiffs move for various forms of relief related to discovery and the demand for a bill of particulars served upon them on behalf of the defendant Brewerton Assembly of God Church. Plaintiffs álso move for an order of preclusion related to the response of such defendant to plaintiffs’ demand for a bill of particulars as to the affirmative defense of culpable conduct on the part of plaintiffs. Defendant Brewerton Assembly of God Church opposes all of plaintiffs’ motions and cross-moves to compel plaintiffs to furnish a file number as to the Workers’ Compensation Board file related to the accident which gave rise to this litigation.
motion for protective order as to discovery
OF COLLATERAL SOURCE INFORMATION
Defendant’s notice for discovery and inspection of collateral sources demands production of any and all indicia or records on the part of plaintiff as to reimbursement for expenses for medical care, etc., at the time of the examination before trial to be conducted of plaintiffs. The discovery notice is made pursuant to CPLR 4545 (c), which requires the trial court to deduct, with certain adjustments, funds received from collateral sources and reimbursement for medical expenses and the like from any verdict awarded to a plaintiff in an action for personal injury. In opposition to the motion, defendant cites McKenzie v St. Elizabeth’s Hosp. (81 AD2d 1003 [4th Dept 1981]), a case construing CPLR 4010, a predecessor statute to CPLR 4545 applicable at that time only to medical malpractice actions. In McKenzie, the court held that a bill of particulars demand for information concerning collateral source reimbursement was proper.
Plaintiff points out that CPLR 4545 (c) differs from CPLR 4010 as written at the time McKenzie (supra) was decided, in that under the latter statute evidence of collateral source reimbursement was admissible during the course of a jury trial. Plaintiff cites and furnishes a copy of the decision of the Supreme Court, Bronx County, in Leach v Mauro (decided May 5, 1987) for the proposition that collateral source information covered by CPLR 4545 is not discoverable because it is not "material and necessary” in the defense of the action as that term is used in CPLR 3101, in that no evidence concern *269 ing collateral sources is admissible until after the verdict in a jury trial.
I do not find the decision of the court in Leach (supra) persuasive, and respectfully decline to follow it. Notwithstanding that the court is to make a postverdict collateral source reduction, information concerning the issue is no less material and necessary to the defense of the action. Permitting delay in obtaining discovery as to collateral source reimbursements can reasonably be expected to impede prospective settlement discussions in personal injury cases. Moreover, delay in discovery will also inevitably lead to delay in whatever proceedings or hearing might be necessary following the verdict in order to permit the court to make its collateral source finding and verdict reduction. This is certainly counterproductive to judicial efficiency and expediency, and can work an unfair delay in the plaintiff’s recovery.
Thus, absent some prejudice to plaintiff, and none is claimed here, sound reasons of logic and policy require that collateral source information should be discoverable in like manner as all other matters "material and necessary” to the defense of an action. Plaintiffs’ motion for a protective order is therefore denied.
MOTION FOR PROTECTIVE ORDER AS TO DEMAND FOR BILL OF PARTICULARS
The application for a protective order as to bill of particulars demand numbered 4 is denied. Defendant is entitled to a response as to the purpose for plaintiff’s presence on the premises at the time of the occurrence inasmuch and insofar as recovery is sought under sections 200 and 240 of the Labor Law.
The bill of particulars demands numbered 5 and 6 track the language of sections 200 and 240 of the Labor Law, and thus are not improper. It may be that such demands have been fully answered by plaintiffs’ responses numbered 8 and 10. In the event that they have not been, plaintiffs shall respond to items 5 and 6.
The application for a protective order is denied as to demand numbered 9, and plaintiff shall respond thereto insofar as he has knowledge of the referenced subject matter.
The motion for a protective order is granted as to demands numbered 7 and 11. Except as item 11 is already partially *270 responded to in answer to other demands, these items constitute improper requests for evidentiary material.
MOTION TO PRECLUDE AS TO DEFENDANT’S BILL OF PARTICULARS RESPONSE
The motion to preclude based on defendant’s bill of particulars response must be denied. No copy of plaintiffs’ bill of particulars demand was furnished. Surmising that all items of the demand request particulars as to the claimed culpable conduct on the part of plaintiff Forest Fleming, and noting that defendant has responded under oath that it cannot furnish such particulars until deposing the plaintiff, defendant Brewerton Assembly of God Church shall respond to the bill of particulars demand within 10 days after conducting such examination before trial. (Afrecan v Calendonian Hosp., 29 AD2d 544.)
CROSS MOTION TO COMPEL DISCLOSURE OF WORKERS’ COMPENSATION BOARD FILE NUMBER
The motion is granted, and plaintiff shall provide defendant Brewerton Assembly of God Church with the Workers’ Compensation Board file number with regard to plaintiff’s claim for the injuries sustained in the subject accident, if such claim file exists.