OPINION OF THE COURT
William H. Keniry, J.
In each of these six actions, common issues relating to demands for bills of particulars and discovery demands have been raised in motions and cross motions. The court deems it appropriate to issue a consolidated decision since, in addition to the common issues, all six plaintiffs are represented by the same attorney, the defendants appear by a representative cross section of attorneys who regularly represent defendants in negligence actions, and the actions are all pending in Supreme Court of Rensselaer County. When necessary the court will refer to specific actions by stating the last name of the plaintiff.
A brief synopsis of each pending motion and cross motion follows.

Eaton v Chahal

This action stems from a rear-end collision which occurred on September 17, 1988 on Route 7 in the Town of Colonie, Albany County. A "serious injury” is alleged by plaintiff. The action was commenced on September 26, 1989. Defendant answered the complaint on October 11, 1989 and served a demand for a bill of particulars and discovery demands. Plaintiff, by notice of motion dated October 20, 1989, moves for an order vacating or modifying paragraphs 7, 8, 9, 14 and 17 of defendant’s demand for a bill of particulars; paragraphs 5 and 9 of the defendant’s discovery notice; and the defendant’s demand for collateral source information. Defendant opposes the motion and cross-moves to compel plaintiff’s compliance. Plaintiff, in paragraph 20 of her attorney’s affidavit, states that a "good faith” letter is submitted. No such letter is contained in the papers before the court.

Frament v Lowell

This action stems from a motor vehicle accident which occurred on April 14, 1989 in the City of Rensselaer in which plaintiff alleges that defendant failed to yield the right-of-way and obey a traffic control device causing a collision with plaintiff’s vehicle. A "serious injury” is alleged. The action was commenced on September 20, 1989. Issue was joined on October 25, 1989 and defendant served a demand for a bill of *980 particulars and discovery demands. Plaintiff, by notice of motion dated November 3, 1989, moves for an order vacating or modifying paragraphs 8, 9, 14 and 17 of defendant’s demand for a bill of particulars; paragraphs 4, 5 and 9 of defendant’s discovery notice; and defendant’s demand for collateral source information. Defendant opposes the motion and cross-moves to compel plaintiff’s compliance with the demands. Plaintiff makes no reference to any "good faith” effort to resolve the issues prior to filing her motion and no "good faith” affirmation is included in the moving papers.

Lindeman v Baker

This case involves a "go-cart” accident which occurred on April 20, 1989 wherein infant plaintiff, while operating defendant’s "go-cart”, allegedly crashed it on defendant’s property in the City of Troy. The action was commenced on November 4, 1989. Defendant answered on November 22, 1989 and served a demand for a bill of particulars and discovery demands. By notice of motion dated December 1, 1989, plaintiffs moved for an order vacating or modifying paragraphs 3, 4, 5, 6, and 7 of defendant’s demand for a bill of particulars. Plaintiffs’ motion fails to include a copy of the challenged demand for the court’s review but such omission was cured in defendant’s answering affidavit. No "good faith” affirmation is provided.

Madsen v Pedulla

In this action, plaintiff alleges that she sustained personal injuries when she was struck in the face by a fire escape door while attempting to enter an apartment building owned by the defendant in the City of Troy. The accident occurred on February 18, 1989. Issue was joined on October 13, 1989. Seven days later plaintiff, without providing a "good faith” affirmation, moved for an order vacating or modifying paragraphs 1, 6, 9 (a), 10, 11, 12, 14, 15, 16, 17, 18, 19 and 20 of defendant’s demand for a bill of particulars. Defendant opposes the motion.

Malave v Golub Corporation

On May 8, 1989, plaintiff alleges that he was injured when he fell on an allegedly defective sidewalk outside a supermarket owned and operated by the defendants in Troy, New York. This action was commenced on August 15, 1989. In response to defendants’ demand for a bill of particulars and discovery demand served on October 13, 1989, plaintiff moves, by notice *981 of motion dated October 27, 1989, for an order vacating or modifying paragraphs 1, 5, 8, 9, 11 and 12 of the demand for a bill of particulars and paragraphs 4, 8, 11, 12, 13, 14 and 15 of the discovery demand. In the affidavit of plaintiff’s attorney at paragraph 21, reference is made to a "good faith” letter but no such letter is included within the plaintiff’s motion papers.

Oathout v Genier

In this action, it is the defendants’ attorney who moves for a conditional order of dismissal based upon the plaintiff’s alleged failure to comply with defendants’ discovery demands requesting medical reports, collateral source information and authorizations to review plaintiff’s no-fault insurance file, workers’ compensation file and employment records. The plaintiff opposes the motion upon the ground that the discovery sought by defendants is improper and beyond the scope of CPLR article 31. An affirmation of "good faith” is included in defendants’ motion but plaintiff’s counsel denies that a telephone call of August 15, 1989 was made to his office. No facts or pleadings pertaining to the underlying claim have been provided to the court but it is clear that a claim for personal injury based in negligence is pending.
The court has reviewed each of the demands for bills of particulars and discovery notices and the specific objections raised by the respective plaintiffs in the six actions. Disputes involve six major categories: medical reports, collateral source information, allegations of statutory violations, providing the plaintiff’s age and date of birth, providing photographs of the accident scene and providing authorizations to review workers’ compensation and no-fault insurance files. A final common objection raised by the plaintiff in each action is that many of the demands being challenged seek information from the plaintiff that is evidentiary in nature and not within the scope of a properly framed demand for a bill of particulars.
There are two significant issues which require the court’s attention. The first is the requirement that a "good faith” effort to resolve disputes over bills of particulars and discovery issues be made between counsel before a movant files motion papers seeking relief relating to such issues. Section 202.7 of the Uniform Rules for Trial Courts (22 NYCRR) states:
"202.7 Calendaring of motions; uniform notice of motion form; affirmation of good faith, (a) There shall be compliance with the procedures prescribed in the CPLR for the bringing of motions. In addition, except as provided in subdivision (d) of *982 this section, no motion shall be filed with the court unless there have been served and filed with the motion papers (1) a notice of motion, and (2) with respect to a motion relating to disclosure or to a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. * * *
"(c) The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held.”
Subdivision (b) of section 202.7 prescribes a notice of motion form which mandates that where a motion relates to disclosure or to a bill of particulars the movant must include the following language in the notice of motion: "An affirmation that a good faith effort has been made to resolve the issues raised in this motion is annexed hereto.”
Such "good faith” rule was introduced by amendment to section 202.7 effective April 1, 1988 and the rule should be familiar to all attorneys engaged in a litigation practice.
In the rules governing the individual assignment system (IAS) in the Third Judicial District, a specific reference to the "good faith” requirement is set forth as follows: "Prior to the submission of a notice of motion, the parties must make a good faith effort to resolve the matter in question and submit an affidavit attesting to this good faith effort. An assigned justice may dismiss a motion for failure to demonstrate that such effort was made with leave to renew the motion after such effort has been demonstrated.” (1989 IAS Procedures, Sup Ct, Third Judicial Dist, part C.)
The "good faith” requirement is intended to remove from the court’s work load all but the most significant and unresolvable disputes over what has been the most prolific generator of pretrial motions: discovery issues. Most seasoned litigators know that, with a modicum of good sense, discovery disputes can and should be resolved by the attorneys without the necessity of judicial intervention. Plaintiffs’ attorney in all five actions has essentially ignored the "good faith” requirements of the court rules. In three of the actions, no mention of the "good faith” rule is made. In the remaining two actions, passing reference is made to the rule by the plaintiffs’ attorney’s mention of letters sent to the defendant’s attorney. No such letters are included in the motion papers.
*983 In a final comment on the subject, the court interprets a "good faith” effort to mean more than an exchange of computer generated form letters or cursory telephone conversations. Significant, intelligent and expansive contact and negotiations must be held between counsel to resolve any dispute and such efforts must be adequately detailed in an affirmation.
The court in Eaton, Frament, Lindeman, Madsen and Malave hereby denies each and every motion and cross motion, with costs against each plaintiff based upon a complete and total failure to comply with section 202.7. The "good faith” requirement must be satisfied in any future motion made to this court.
The second issue which warrants comment is the practice of citing to this court unreported decisions issued by Judges of coordinate jurisdiction. Such decisions, although entitled to respectful consideration, are not binding precedent upon this court especially in an area, such as discovery, where the trial court is vested with broad discretion (Nitz v Prudential-Bache Sec., 102 AD2d 914). In many of the Special Term decisions which were submitted for the court to review, the court is unable to discern the basis, factual or legal, for the court’s conclusion for the simple reason that the basis has not been set forth.
To insure that this decision provides some guidance on the substantive issues raised, the court will outline its position with respect to the major objections raised in all six actions.
As a general proposition, this court favors the meaningful and liberal acquisition of pretrial knowledge concerning the nature and theory of adverse claims and contentions as articulated in Allen v Crowell-Collier Publ. Co. (21 NY2d 403). Discovery, however, is not without limits particularly when privileged matter, attorney’s work product and material prepared for litigation is involved (see, Barber v Town of Northumberland, 88 AD2d 712) or when the discovery sought imposes an oppressive burden upon a litigant taking into account the realities of the case at hand. Thus, what may be acceptable discovery in a brain-damaged infant case or multimillion dollar contract case may not be acceptable in a case involving a fractured finger or a dispute over a $2,000 real estate commission.
As concerns medical reports prepared by a treating physician, the court follows Peterson v Wert (134 AD2d 668) and requires that a plaintiff must supply a defendant with all *984 medical reports of treating physicians and execute written authorization for the notes and records of all treating physicians.
As to discovery of collateral source payments, the court fathoms no legitimate reason to defer discovery of such information until the time of trial and discovery notices under CPLR 4545 shall be sustained (see, McKenzie v St. Elizabeth Hosp., 81 AD2d 1003; Fleming v Bernauer, 138 Misc 2d 267).
As to inquiries in a demand for a bill of particulars which ask the age and date of birth of a plaintiff, the court finds such questions acceptable since a party’s age is a factor which determines life and work expectancies. CPLR 3043 (c) affords the court latitude to vary the particulars required in a personal injury action.
As to requests that a plaintiff specify in a demand for a bill of particulars statutes which a defendant allegedly violated, the court finds nothing inherently burdensome in responding thereto. An appropriate response includes one that no such violations are claimed or now known subject, of course, to a subsequent timely amendment of or supplement to the response if any such violation is subsequently claimed (Sobel v Midchester Jewish Center, 52 AD2d 944).
As to requiring the production of photographs, the court will follow the rule of Barber v Town of Northumberland (88 AD2d 712, supra).
The requirement of a plaintiff executing authorizations to allow a defendant to inspect workers’ compensation and no-fault insurance files shall be sustained to the extent that, as a result of the accident or incident complained of, a plaintiff applied for and collected benefits from such sources. Since such records would ordinarily be subject to a subpoena duces tecum at trial if relevant, the court discerns no reason to withhold access to such documents at the pretrial stage. The party securing such records must, of course, supply a copy of any records obtained by use of the authorizations to the party allowing the inspection.
The requirement that a plaintiff supply the names and addresses of treating medical providers and the amount of medical expenses incurred is also found by the court to be reasonable and not particularly oppressive or burdensome to the extent that plaintiff or his or her attorney has such information. If such information cannot be provided by the plaintiff, an authorization to review the records of any insurer *985 who paid the bills would be warranted. The evaluation of special damages, including a particularization of medical expenses and lost wages and income, is relevant and material in most personal injury cases.
The court believes that all attorneys involved in the Eaton, Frament, Lindeman, Madsen and Malave actions will be guided by the court’s comments as they undertake their "good faith” negotiations to resolve the specific objections and issues raised in each instance. The court in Oathout conditionally grants the defendants’ motion, with costs against plaintiff, and plaintiff shall have 30 days from the service upon her of a copy of the order to be entered herein with notice of entry to comply with defendants’ discovery demands to avoid dismissal of her complaint.
In Eaton, Frament, Lindeman, Madsen and Malave the motions and cross motions are denied.