■ BRUCE LAUKAITIS, JR., Respondent, v SKI STOP, INC., et al., Appellants. [609 NYS2d 285] —In an action to recover damages for personal injuries, the defendants appeal, as limited by

their brief, from stated portions of an order of the Supreme Court, Nassau County (Becker, J.), dated March 31, 1992, which, *inter alia,* denied those branches of their motions which were for an order of preclusion in the event that a further bill of particulars was not served, and for a further response to their demand for expert information, respectively.

Ordered that the order is modified, by (1) deleting the provision thereof denying that branch of the motion which was for an order of preclusion with respect to item numbered 10 of the demand for a bill of particulars and substituting therefor a provision granting that branch of the motion, unless the plaintiff serves further and separate bills of particulars upon each of the defendants with respect to item numbered 10 and, in the event that the plaintiff presently lacks sufficient knowledge to furnish particulars with respect thereto, he shall state so under oath and shall promptly serve further supplemental bills of particulars upon each of the defendants if and when the requisite knowledge to answer this item of the demand is acquired, and (2) adding a provision thereto granting that branch of the defendants' motion which was for a further response to their demand for expert information pursuant to CPLR 3101 (d); as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the plaintiff's time to comply with the order appealed from, as modified by this Court, is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

"It is well settled that the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" *(Ferrigno v General Motors Corp.,* 134 AD2d 479, 480; *see, Scott v General Motors Corp.,* 117 AD2d 662; *Gausney v General Motors Corp.,* 115 AD2d 455). Put another way, "[w]hatever the pleading pleads, the bill must particularize" since the bill is intended to "[afford] the adverse party a more detailed picture of the claim * * * being particularized" (Siegel, NY Prac § 238, at 356-357 [2d ed]). Moreover, where there are allegations of negligent and improper design, "the manufacturer is entitled to a statement sufficiently particularizing the specific acts of negligence which gave rise to the asserted defect" *(Ferrigno v General Motors Corp., supra,* at 480).

Applying these principles to the case at bar, we find that the plaintiff's response to the defendants' demand for a statement as to the acts or omissions constituting the claimed negligence is overly broad, conclusory, and tends more to

confuse than to elucidate. As a result, the response fails to adequately inform the defendants of the alleged defects in the subject ski bindings. In addition, "[each defendant] is entitled to a [separate] bill of particulars specifying the acts or omissions upon which plaintiff's claim of negligence against him is based, as distinguished from those claimed against the other defendants" *(Lamb v Rochester Gen. Hosp.,* 130 AD2d 963; *see also, McLaughlin v Charles,* 91 AD2d 1119).

We also find that the plaintiff's response to the defendants' demand for expert information is so vague and open-ended that it fails to comply with the requirement to "disclose in reasonable detail the subject matter on which [the] expert is expected to testify" (CPLR 3101 [d] [1] [i]; *see generally, Busse v Clark Equip. Co.,* 182 AD2d 525).

Accordingly, the plaintiff is directed to serve further bills of particulars with respect to item numbered 10 or face preclusion, and is also directed to serve a further response to the defendants' demand for expert information in compliance with CPLR 3101 (d). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.