■ ALYSE M. BERGER, as Executrix of ROBERT BERGER, Deceased, Respondent, v ARTHUR E. FEINERMAN, Appellant, et al., Defendants. [610 NYS2d 556] —In a medical malpractice action to recover damages for wrongful death, etc., the defendant Arthur E. Feinerman appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated June 22, 1992, as (1) denied those branches of his motion which were to preclude items numbered 1, 2, 3, 5, 6, 10, 11, 12, and 16 of the plaintiff's bill of particulars or to compel plaintiff to serve a further bill of particulars with respect to those items, and (2) denied that branch of the appellant's motion which was to strike the plaintiff's bill of particulars on the ground that it was improperly verified.

Ordered that the order is modified, as a matter of discretion, by (1) deleting the provisions thereof which denied those branches of the appellant's motion which were to preclude items numbered 1, 2, 5, 6, 10, and 11 of the plaintiff's bill of particulars or to compel the plaintiff to serve a further bill of particulars with respect to those items, and substituting therefor provisions granting those branches of the motion to the extent that the plaintiff is directed to serve a further bill of particulars with respect to those items, and (2) deleting the provision thereof which denied that branch of the appellant's motion which was to strike the plaintiff's bill of particulars on the ground that it was improperly verified, and substituting therefor a provision granting that branch of the motion, and the plaintiff is directed to re-serve a properly verified bill of particulars; as so modified, the order is affirmed insofar as appealed from, which costs to the appellant; and it is further,

Ordered that the plaintiff's time to serve a further bill of particulars and to re-serve the original bill of particulars in accordance herewith is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

In response to item numbered 1, which sought the dates of the alleged medical malpractice, the plaintiff merely recited "from February 20, 1984, through and including February 21, 1991," which constituted the entire seven-year period of treatment, and failed to particularize and amplify the pleadings. The plaintiff was obligated to be as responsive as possible, and if more specific dates were unavailable to state the unavaila-

bility of this information *(see, Brynes v New York Hosp.,* 91 AD2d 907).

With respect to items numbered 2 and 5, which sought particularization of the appellant's alleged acts of negligence and of any claims of vicarious liability, the plaintiff's identical response for each of the defendants, including a claim of vicarious liability against the appellant, "his agents, servants, employees, associates, staff, medical personnel, partners, and those persons who rendered medical services to the decedent, Robert Berger, at or on behalf of or under the supervision of said defendant" is vague, unnecessarily broad, and improper. The plaintiff must provide a bill of particulars distinguishing between the alleged acts committed by each of the defendants and their purported agents *(see, Gannotta v Long Is. Coll. Hosp.,* 92 AD2d 930; *Brusco v St. Clare's Hosp. & Health Ctr.,* 128 AD2d 390).

With respect to items numbered 6, 10 and 11, which sought particularization of the illnesses or conditions for which the decedent sought treatment, the medical cause of decedent's death, and the dates on which the decedent suffered pain and suffering, the plaintiff's response of "palpably improper" is not appropriate. The demands in question were not unreasonably burdensome, but merely sought an amplification of the pleadings to prevent surprise. Therefore, the plaintiff's claim that those demands were palpably improper must be rejected *(see, Gannotta v Long Is. Coll. Hosp., supra; Ritschl v Village of Highland Falls,* 92 AD2d 586; *Padro v Boulevard Hosp.,* 92 AD2d 888).

It is uncontroverted that both the plaintiff's residence and the plaintiff's attorney's office are located within the same county. Therefore, the provisions of CPLR 3020 (d) (3), which permit an attorney verification where the attorney has an office in a county other than the one in which the party resides, is not applicable *(see, Matter of Tenneriello v Board of Elections,* 63 NY2d 700). The plaintiff is directed to re-serve her bill of particulars and to serve a supplemental bill of particulars with respect to items numbered 1, 2, 5, 6, 10, and 11, both with proper verifications, within 30 days after service upon her of a copy of this decision and order, with notice of entry.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.