■ THOMAS P. BRANNIGAN et al., Respondents, v CITY OF NEW YORK, Appellant. [638 NYS2d 59] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about July 9, 1994, which granted plaintiffs' motion to vacate the defendant's demand for a bill of particulars, and denied the defendant's cross-motion to preclude the plaintiffs from proving at trial those items for which particulars had not been provided, is unanimously reversed, to the extent appealed from as limited by the briefs, on the law, the facts, and in the exercise of discretion, without costs, and the plaintiffs are directed to respond to defendant's bill of particulars, numbers 7 and 8.

It is well-settled law that the purpose of a bill of particulars

is to amplify the pleadings, limit the proof, and to prevent surprise at trial (*Laukaitis v Ski Stop*, 202 AD2d 554, 555; *State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769, 770).

In the matter at bar, the specific material requested by the defendant is discoverable and the proper subject of a bill of particulars as that material is a critical part of plaintiffs' special duty cause of action. In addition, a complaint in a special action based upon General Municipal Law § 205-a must specify or identify the statute, ordinances, rules, orders or requirements with which the defendant allegedly failed to comply, the manner in which the injuries complained of occurred, and the facts from which it appears that said neglect or failure directly or indirectly caused the injuries (*Kenavan v City of New York*, 70 NY2d 558, 567; *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441). As a result, the defendant was within its rights to seek this information through a bill of particulars (*see, Whirl Knits v Adler Bus. Machs.*, 54 AD2d 760). Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.