■ PATRICK J. GARRETT, as Administrator of the Estate of SALLY L. GARRETT, Deceased, Appellant, v COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE et al., Defendants, and THOMAS J. ROMANO, M.D., et al., Respondents. [732 NYS2d 604] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this medical malpractice action, plaintiff moved to compel the depositions of Thomas J. Romano, M.D. and Wayne Farnsworth, M.D. (defendants). Defendants opposed the motion on the ground that plaintiff's bills of particulars were overly broad, vague and unresponsive to their demands. Supreme Court denied the motion with leave to renew after more definite, certain and specific bills of particulars are

provided to defendants. That was error. "The function and utilization of a bill of particulars was succinctly stated in *Cirelli v Victory Mem. Hosp.* (45 AD2d 856): 'a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a "general statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]). We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have a knowledge of proper "surgical procedures," "medicines" and "tests") to a greater burden than plaintiffs in other types of personal injury actions' " (*Randall v Pech,* 51 AD2d 864, 865). The bills of particulars adequately amplify the allegations in the complaint with respect to defendants' negligence, and thus the court erred in denying plaintiff's motion to compel defendants' depositions.

The court properly granted defendants' cross motion for an order directing plaintiff, a nonresident, to provide security for costs pursuant to CPLR 8501 (a) (*see, Manente v Sorecon Corp.,* 22 AD2d 954; *Slutzky v Aron Estates Corp.,* 157 Misc 2d 749, 756). The court abused its discretion, however, in directing plaintiff to provide security in the amount of $3,000 when defendants requested only $950. The record contains no support for the increased amount (*cf., Manente v Sorecon Corp., supra*).

We therefore modify the order by granting the motion and by reducing to $950 the amount of security plaintiff is directed to provide. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Discovery.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.