■ Fouad Khoury et al., as Parents and Natural Guardians of Joseph F. Khoury, an Infant, Appellants, v Gabriel E. Chouchani, M.D., et al., Respondents, et al., Defendants. [811 NYS2d 257]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered May 23, 2005 in a medical malpractice action. The order granted the motion of defendants Gabriel E. Chouchani, M.D., Magdi E. Sayegh, M.D., and George P. Albert, M.D. to compel plaintiffs to provide a further bill of particulars and denied plaintiffs' cross motion to strike portions of the demand of those defendants for a bill of particulars.

It is hereby ordered that said appeal insofar as it concerns the motion be and the same hereby is unanimously dismissed and the order is modified on the law by granting the cross motion in part and striking demand Nos. 1 through 3, 19 through 21 and 58 through 60 of the demand for a bill of particulars and as modified the order is affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting the motion of Gabriel E. Chouchani, M.D., Magdi E. Sayegh, M.D., and George P. Albert, M.D. (collectively, defendants) to compel plaintiffs to provide a further bill of particulars, and denying plaintiffs' cross motion to strike portions of defendants' demand for a bill of particulars. We agree with plaintiffs that Supreme Court erred in denying in its entirety their cross motion to strike certain portions of defendants' demand for a bill of particulars. "The purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial; it is not an evidence-gathering device" (*Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 76 [1992]). As this Court wrote in *Garrett v Community Gen. Hosp. of Greater Syracuse* (288 AD2d 928, 929 [2001] [internal quotation marks omitted]), "[w]e apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have a knowledge of proper 'surgical procedures,' 'medicines' and 'tests') to a greater burden than plaintiffs in other types of personal injury actions" (*see* CPLR 3043 [a] [3]).

Here, subparagraphs (a) through (m) of defendants' demand Nos. 1 through 3 are improper to the extent that they seek more than generalized allegations of negligence, sufficient to narrow the issues for discovery and trial. Although defendants are entitled to a general statement concerning their alleged negligence (*see Garrett*, 288 AD2d at 929), plaintiffs are not required to provide "evidentiary material or expert [proof]" (*Graves v County of Albany*, 278 AD2d 578, 578 [2000]). The court "was not required to prune the [defendants'] improper demand," and thus we conclude that the court erred in denying that part of plaintiffs' cross motion to strike demand Nos. 1 through 3 in their entirety (*Haszinger v Praver*, 12 AD3d 485, 486 [2004]; *see Rosini v Cunanan*, 130 AD2d 956 [1987]).

We further conclude that the court erred in denying that part of plaintiffs' cross motion to strike demand Nos. 19 through 21 inasmuch as they are improper requests for particularization with respect to the usual and accepted medical practices, customs and standards (*see Dellaglio v Paul*, 250 AD2d 806 [1998]; *Heyward v Ellenville Community Hosp.*, 215 AD2d 967, 968 [1995]). In addition, we conclude that the court should have granted that part of plaintiffs' cross motion to strike demand Nos. 58 through 60, requesting particulars with respect to alternatives to treatment or diagnosis and foreseeable risks and benefits that, according to plaintiffs, should have been disclosed to them (*see Dellaglio*, 250 AD2d at 806; *Heyward*, 215 AD2d at 968; *Scalone*, 184 AD2d at 76). We therefore modify the order accordingly.

Finally, insofar as plaintiffs appeal from that part of the order directed at defendants' motion to compel plaintiffs to provide a further bill of particulars, we note that plaintiffs have served a supplemental bill of particulars, thus rendering moot that part of their appeal (*see generally Manzo v Nealon*, 18 AD3d 1043 [2005]; *FB Tr. Rd. Corp. v D.R.T. Constr. Co.*, 217 AD2d 1001 [1995]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.