■ REGINA TRACY et al., Appellants, v BERNARD FAGIN et al., Respondents, et al., Defendant. [818 NYS2d 592]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated December 16, 2005, as granted those branches of the motion of the defendants Bernard Fagin, East Hudson Urology Group, and Steven Wengrover, pursuant to CPLR 3126, which were to preclude the plaintiffs from offering evidence at trial with respect to items 4, 5, 6, and 10 of the bills of particulars and the amended bills of particulars.

Ordered that the order is modified, on the law, the facts, and as an exercise of discretion, by deleting the provision thereof granting those branches of the motion which were to preclude the plaintiffs from offering evidence at trial with respect to items numbered 4 and 5 of the bills of particulars and the amended bills of particulars and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

Since the responses in item 5 of the plaintiffs' bills of particulars and amended bills of particulars, responding to the demand for particularization of each of the respondents' alleged acts of medical malpractice, were adequate (*see Ferrigno v General Motors Corp., Cadillac Motor Car Div.,* 134 AD2d 479 [1987]; *Brynes v New York Hosp.,* 91 AD2d 907 [1983]; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856 [1974]), the plaintiffs should not, at this early stage in the litigation, have been precluded from offering evidence at trial with respect to this item (*see Di Lorenzo v Ellison,* 114 AD2d 926, 927 [1985]).

With respect to the responses in item 4 of the bills of particulars and the amended bills of particulars, responding to the demand for the dates of treatment, the plaintiffs sufficiently stated that they did not presently have the information requested and would supplement their response upon disclosure of the relevant medical records (*see Berger v Feinerman,* 203 AD2d 407 [1994]; *Brynes v New York Hosp., supra*). Accordingly, the plaintiffs should not have been precluded from offering evidence at trial with respect to this item.

The Supreme Court providently exercised its discretion in precluding the plaintiffs from offering evidence at trial with respect to items 6 and 10 of the bills of particulars and the amended bills of particulars. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.