■ MARIE STIDHAM, as Temporary Administratrix of the Estate of MATILDA STIDHAM, Deceased, Respondent, v HARNATH CLERK, M.D., Appellant, et al., Defendants. [870 NYS2d 682]—

Memorandum: Plaintiff, as temporary administratrix of decedent's estate, commenced this action seeking damages for, inter alia, the alleged medical malpractice of Harnath Clerk, M.D. (defendant) in his treatment of decedent. Supreme Court properly denied the motion of defendant seeking to compel plaintiff to provide further particulars with respect to demand numbers one and two in his demand for a bill of particulars. We reject defendant's contention that the response by plaintiff to demand number one is vague and nonresponsive. It is well established that "a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a *general statement* of the acts or omissions constituting the negligence claimed" (*Garrett v Community Gen. Hosp. of Greater Syracuse*, 288 AD2d 928, 929 [2001] [emphasis added and internal quotation marks omitted]; *see* CPLR 3043 [a] [3]). Demand number one sought "the manner and respect in which it is claimed the defendant was negligent . . . including but not limited to, how defendant deviated from the standard applicable to cases involving the treatment of the condition which affected plaintiff's decedent." Plaintiff responded that, inter alia, defendant failed to detect or diagnose decedent's medical condition or to recognize the seriousness of the condition, failed to provide timely medical treatment or to seek consultation by another physician, and failed to transfer decedent to a hospital facility. When read in conjunction with plaintiff's response to demand number six, in which plaintiff explained that decedent suffered from, inter alia, severe anemia, aspirated pneumonia, sepsis, hyperkalemia, hypoxia, hypotension, mucous plug development, lacerations,

contusions, dehydration, malnutrition, and a decreased ability to ambulate and perform activities of daily living, we conclude that the response by plaintiff to demand number one satisfied the purpose of the bill of particulars, i.e., " 'to amplify the pleadings, limit proof, and prevent surprise at trial' " (*Khoury v Chouchani*, 27 AD3d 1071, 1072 [2006]; *see Lamb v Rochester Gen. Hosp.*, 130 AD2d 963 [1987]). Furthermore, we note that plaintiff stated in her response that "[f]urther information responsive to this demand is presently unknown and unavailable to [her]," and she reserved her right to amend her response to demand number one after the completion of discovery (*see Lamb*, 130 AD2d at 964).

With respect to demand number two, wherein defendant sought "the condition it is claimed defendant failed to take proper and due cognizance of, and the true condition from which decedent was suffering," we conclude that defendant improperly sought "more than generalized allegations of negligence, sufficient to narrow the issues for discovery and trial" (*Khoury*, 27 AD3d at 1072). Indeed, defendant improperly demanded information regarding what "diagnosis or treatment should have been made or given, [which] call[s] for expert testimony and [is] purely evidentiary" (*McKenzie v St. Elizabeth Hosp.*, 81 AD2d 1003, 1004 [1981]; *see generally Khoury*, 27 AD3d at 1072).

All concur except Hurlbutt and Lunn, JJ., who dissent in part and vote to modify in accordance with the following memorandum:

Hurlbutt and Lunn, JJ. (dissenting in part). We respectfully dissent in part because we cannot agree with the majority that Supreme Court properly denied that part of the motion of Harnath Clerk, M.D. (defendant) seeking to compel plaintiff to provide further particulars with respect to demand number two in his demand for a bill of particulars. Plaintiff alleges in the third cause of action that defendant rendered medical care to plaintiff's decedent "beginning on or about 2003 and through at least on or about August 28, 2004" and that, due to defendant's malpractice, decedent suffered personal injuries and death. In response to demand number one in defendant's bill of particulars, which sought in relevant part "[t]he manner and respect in which it is claimed the defendant was negligent," plaintiff averred, in substance, that defendant failed to diagnose the medical condition from which decedent was suffering. Nevertheless, with respect to demand number two, which sought in relevant part "the condition which it is claimed the defendant failed to take proper and due cognizance of, and . . . which it is claimed the defendant allegedly failed to guard and treat

against," plaintiff refused to respond to that demand on the ground that it "goes beyond the scope of [CPLR 3043 and] requests evidentiary information." The majority agrees with plaintiff that the court properly denied defendant's motion with respect to demand number two, but we do not.

"The purpose of a bill of particulars is to amplify the pleadings, limit the proof, prevent surprise, and enable the preparation of a defense" (*McLaughlin v Charles*, 91 AD2d 1119 [1983]; *see Heyward v Ellenville Community Hosp.*, 215 AD2d 967, 968 [1995]). We agree with the majority that, in response to demand number one, plaintiff was required only to furnish a "[g]eneral statement of the acts or omissions constituting the negligence claimed" (CPLR 3043 [a] [3]), and that plaintiff was not required to set forth, as requested, the particular manner in which defendant deviated from accepted standards of medical care (*see Khoury v Chouchani*, 27 AD3d 1071, 1073 [2006]). We thus agree with the majority that the court properly denied that part of defendant's motion with respect to demand number one.

We cannot agree with the majority, however, that demand number two, seeking specification of the medical condition that defendant allegedly "failed to take proper and due cognizance of, and . . . to guard and treat against," is improper. "Where, as here, the complaint is factually vague, and sheds little light on the particular acts or omissions that form the basis of the lawsuit, [the] defendant is entitled to a bill of particulars that narrows the issues sufficiently to permit a reasonable defense" (*Heyward*, 215 AD2d at 968). Where the alleged negligence is the failure to make a proper diagnosis, that rule surely entitles the defendant to be informed of the "condition or conditions that it is claimed defendant failed to diagnose and improperly treated or failed to treat" (*Caudy v Rivkin*, 109 AD2d 725, 726 [1985]; *see Hayes v Kearney*, 237 AD2d 769, 770 [1997]; *Morris v Fein*, 177 AD2d 915, 916 [1991]; *cf. Butler v Carfagna*, 32 AD3d 1229 [2006]).

In its discussion of the propriety of plaintiff's response to demand number one, the majority mistakenly relies on the response by plaintiff to demand number six as somehow enlightening defendant concerning the medical condition that he allegedly failed to diagnose. Demand number six seeks a statement of the *injuries caused* by the alleged negligence of defendant, and has nothing to do with the diagnosis or treatment of decedent's condition. We are at a loss to understand how the vast array of alleged injuries listed—including anemia, pneumonia, sepsis, hyperkalemia (elevated blood potassium), hypoxia (abnormal tissue oxygen content), hypotension (low blood pres-

sure), mucous plug development, lacerations, contusions, dehydration, and malnutrition—serves to inform defendant of the medical condition that he failed to diagnose and treat. Moreover, if plaintiff is claiming that any or all of the alleged injuries set forth in response to demand number six themselves constitute the condition that defendant failed to diagnose, it would be a simple matter to say so.

We therefore would modify the order by granting defendant's motion in part and directing plaintiff to serve a supplemental bill of particulars responding to demand number two within 20 days of service of a copy of the order of this Court with notice of entry. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.