■ CAROL SEALY, Appellant, v GUILLERMO UY, M.D., et al., Respondents. [18 NYS3d 160]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Onofry, J.), dated May 13, 2013, which granted the motion of the defendants Guillermo Uy, Zainab E. Elsakka, Edward Croen, and Crystal Run Healthcare pursuant to CPLR 3042 (d) and 3126 to preclude her from offering certain proof at trial, and thereupon to dismiss the complaint insofar as asserted against them, and granted the motion of the defendant Orange Regional Medical Center, inter alia, for the same relief as to it, and (2) a judgment of the same court entered June 25, 2013, which, upon the order, is in favor of the

defendant Orange Regional Medical Center and against her, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as granted the motion of the defendant Orange Regional Medical Center is dismissed, as that part of the order was superseded by the judgment appealed from; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contentions, her amended bills of particulars failed to comply with the directives set out in the Supreme Court's conditional order of preclusion, dated December 10, 2012. Specifically, the amended bills of particulars were still replete with overly broad and factually vague statements, which "failed to particularize and amplify the pleadings" (*Castellano v Norwegian Christian Home & Health Ctr., Inc.*, 24 AD3d 490, 491 [2005]). Moreover, the amended bills of particulars were essentially identical as to each defendant, even though it is clear that the roles of the institutional and physician defendants differed (*compare Batson v La Guardia Hosp.*, 194 AD2d 705, 706 [1993], *and Brynes v New York Hosp.*, 91 AD2d 907 [1983], *with Tracy v Fagin*, 31 AD3d 535 [2006]).

If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010]). Here, the plaintiff's failure to comply with the Supreme Court's directives supports an inference that such conduct was willful (*see Vitolo v Suarez*, 130 AD3d 610 [2015]). Accordingly, the Supreme Court providently exercised its discretion in granting the motions to preclude the plaintiff from offering certain proof at trial for failure to comply with court-ordered disclosure, and thereupon to dismiss the complaint insofar as asserted against each defendant (*see* CPLR 3042 [d]; 3126; *Beizer v Schwartzben*, 13 AD3d 327 [2004]; *Gonzalez v Guirguis*, 264 AD2d 813 [1999]). Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.