RONALD S. SCHLENKER, an Infant, by SPENCER SCHLENKER, His Guardian ad Litem, et al., Plaintiffs, *v.* SCHOOL DISTRICT No. 15 OF CEMENTON, TOWN OF CATSKILL, GREENE COUNTY, et al., Defendants.

Supreme Court, Special Term, Albany County, November 2, 1950.

*J. Stanley Carter* for defendants.

*N. Joseph Friedman* for plaintiffs.

TAYLOR, J. The motion is to preclude the plaintiffs for failure to serve a bill of particulars in accordance with a demand which has been made. The use of the words " among other things ", " and/or ", and similar alternative and omnibus phraseology in paragraphs numbered 1, 2, 10 and 12 of the bill of particulars

destroys its most essential functions, to wit: to limit proof and to prevent surprise to an adverse party on the trial of the action. (*King* v. *Craddock*, 252 App. Div. 719; *Elman* v. *Ziegfeld*, 200 App. Div. 494.) The attempt by the plaintiffs to have upon the trial an anchor to the windward by the use of such terminology is improper. They must state the particulars of their claims to the extent that they are able presently so to do. Anything short of that fails to satisfy an appropriate demand. If the plaintiffs will rely on actual notice to the defendants of the defective condition which they claim to have existed on the day of the accident, the name or names of the person or persons to whom such notice was given must be specified.

Item 13 to which objection is made sufficiently complies with the demand.

The plaintiffs are directed within ten days of the service of a copy of the order to be entered hereon with notice of entry to serve upon the defendants, in compliance with their demand, an amended bill of particulars in conformity with the above views.

Ordered accordingly.