■ DOROTHY OHNEMUS, Respondent, v LOREN E. ROSENTHAL, Appellant.—In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Dutchess County (Nicolai, J.), dated February 6, 1986, which, upon reargument, adhered to its original determination which denied his motion which was for an order of preclusion, or alternatively, to direct the plaintiff to serve a further bill of particulars with respect to items two, four, five and nine of his demand, and which granted that branch of his motion to direct the plaintiff to serve a further bill of particulars with respect to items three, twelve, fifteen, sixteen and seventeen of his demand only "when and if th[o]se items bec[a]me known to plaintiff, but not later than the date the note of issue [was] filed".

Ordered that the order is modified, by granting that branch of the defendant's motion which was to direct the plaintiff to serve a further bill of particulars with respect to item four of his demand. As so modified, the order is affirmed, without costs or disbursements. The plaintiff's further bill of particulars shall be served within 10 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff's responses to items two, five and nine of the defendant's demand for a bill of particulars were sufficient under the circumstances of this medical malpractice action, in which no depositions had yet been conducted (see, Hughs v Gold, 125 AD2d 366; Cirelli v Victory Med. Hosp., 45 AD2d 856).

However, the plaintiff's response to item four, concerning the nature of the condition the defendant undertook to treat is too vague and open-ended in its use of the phrase "and all conditions arising therefrom" (see, Padro v Boulevard Hosp., 92 AD2d 888). Therefore, the plaintiff should serve a further bill of particulars in response to that item of the demand. Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.