◾ CHRISTINA MORRIS, Individually and as Executrix of RICHARD MORRIS, Deceased, Respondent, v JACK M. FEIN et al., Defendants, and ANTHONY SARAYNO, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered July 3, 1990 in Dutchess County, which, *inter alia,* partially granted defendant Anthony Sarayno's motion to strike plaintiff's bill of particulars.

Plaintiff commenced this lawsuit claiming that the death of her husband, Richard Morris, occurred as a result of negligent medical treatment administered by, among others, defendant Anthony Sarayno (hereinafter defendant), a physician who had treated decedent prior to his death. Following joinder of issue, plaintiff was served with a demand for a bill of particulars. Plaintiff served her verified bill of particulars in December 1989 and defendant thereafter made a motion to strike the bill of particulars. In the alternative, defendant requested that plaintiff be directed to provide a more specific bill cf particulars. Ultimately, Supreme Court partially granted defendant's motion to the extent of striking one of the allegations from two items in plaintiff's bill. Defendant now appeals from this order, asserting that the bill should have been struck in its entirety.

At the outset, we note that although defendant's motion requested that the entire bill of particulars submitted by plaintiff be struck in its entirety, his arguments in his motion papers and brief essentially refer only to items 3 and 4. Accordingly, only these items should be scrutinized in depth.* Before we explore these arguments, however, we must briefly address the claim newly raised by plaintiff in her brief that item 4 in defendant's original demand for a bill of particulars

---

* Although at one point defendant argued in his papers that plaintiff did not answer one of the questions in item 11, plaintiff aptly pointed out that this answer was supplied in the further bill of particulars.

was improper. Clearly, the general rule is that "a party's failure to timely move for modification or vacatur *(see,* CPLR 3042 [a])* forecloses further inquiry into the merits of a demand for a bill of particulars" *(State of New York v General Elec. Co.,* 173 AD2d 939, 940). This rule does not apply, however, in a situation where a demand is " 'palpably improper' " *(supra,* at 941; *see, Ryan v Beavers,* 170 AD2d 1045; *Nigro v Nigro,* 121 AD2d 833, 834). Here, we cannot ignore the fact that item 4 in defendant's demand impermissibly sought material which is not only evidentiary in nature, but a matter of expert proof *(see, State of New York v General Elec. Co., supra).* Such a demand is unquestionably improper *(see, McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003, 1004) and " 'burdensome to supply' " *(Nigro v Nigro, supra,* at 834, quoting *Helfant v Rappoport,* 14 AD2d 764, 765). Accordingly, we will *sua sponte* vacate item 4 from defendant's demand. This makes any argument concerning the propriety of plaintiff's response to that item academic.

Turning now to the merits of defendant's appeal, we conclude that Supreme Court erred in allowing the majority of the contents of item 3 of plaintiff's bill of particulars to remain as written. Defendant correctly maintains that the allegations of negligence contained therein are so vague and open ended that they almost completely fail to apprise defendant of the claims made against him *(see, Ohnemus v Rosenthal,* 126 AD2d 614). For instance, plaintiff claims that defendant was negligent by, *inter alia,* failing to perform unknown contraindicated and indicated procedures, failing to properly evaluate plaintiff's condition, failing to prescribe "appropriate" medication and failing to make proper recommendations concerning plaintiff's treatment. Clearly, these and other allegations contained in item 3 are insufficiently informative under the circumstances. Consequently, we find that plaintiff is precluded from presenting proof with respect to the matters contained in item 3 unless she provides a more tailored and responsive bill of particulars on this point within 30 days of the date of this decision *(see,* CPLR 3042 [e]; *Ryan v Beavers, supra).*

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Anthony Sarayno's motion to strike item 3 of plaintiff's bill of particulars; motion granted to that extent unless plaintiff serves a responsive bill of particulars within 30 days of the date of this

court's decision, and item 4 of defendant's demand for bill of particulars is vacated *sua sponte;* and, as so modified, affirmed.