(June 21, 1993)

■ CHARLES BATSON, Respondent, v LA GUARDIA HOSPITAL et al., Defendant, and NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [600 NYS2d 110] —In an action to recover damages for medical malpractice and wrongful death, the defendants North Shore University Hospital and Lorraine M. Hartnett appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated January 2, 1991, as denied those branches of their motion which were to strike the plaintiff's responses to items numbered 3, 4, and 5 in the demand for a bill of particulars of the defendant North Shore University Hospital and to strike item numbered 3 in the demand for a bill of particulars of the defendant Lorraine M. Hartnett, and to compel the plaintiff to serve further bills of particulars with regard to those items.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the motion which were to strike the plaintiff's responses to items numbered 3, 4, and 5

in the demand of the defendant North Shore University Hospital, and item numbered 3 in the demand of Lorraine M. Hartnett are granted, and the plaintiff is directed to serve supplemental bills of particulars with respect to those items within 30 days after service upon him of a copy of this decision and order, with notice of entry.

In response to item numbered 3 of the appellants' demands for a bill of particulars, which sought particularization of their alleged acts of negligence, the plaintiff provided further bills of particulars listing sundry allegations, many of which were vague and overbroad. This unnecessarily broad response failed to particularize and amplify the pleadings and will not limit proof or prevent surprise at trial (see, Gannotta v Long Is. Coll. Hosp., 92 AD2d 930).

It was also inappropriate for the plaintiff to serve bills of particulars which, in response to item numbered 3 in the demands of both the defendants North Shore University Hospital and Lorraine M. Hartnett, were essentially identical, even though it seems obvious that the role of the institutional and physician defendants differed (see, Brynes v New York Hosp., 91 AD2d 907).

Finally, with regard to the responses to items numbered 4 and 5 of the hospital's demand, because the bill of particulars does not name any hospital personnel involved in the alleged malpractice nor specify mistakes made by the unidentified personnel, it becomes impossible to determine any merit in the plaintiff's claim against the hospital (see, Brusco v St. Clare's Hosp. & Health Ctr., 128 AD2d 390).

Accordingly, the responses in question were inadequate. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.