■ MILDRED HEYWARD, Respondent, v ELLENVILLE COMMUNITY HOSPITAL et al., Defendants, and MARTIN COWAN et al., Appellants. [627 NYS2d 167] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 25, 1994 in Ulster County, which, *inter alia,* partially denied a motion by certain defendants to preclude or to compel plaintiff to provide a further bill of particulars.

In this medical malpractice action, plaintiff refused to answer several of the questions contained in the demands for particulars made by defendants Martin Cowan, Manual B.

Bulan, Afrodisio A. Caedo and Walter L. Sperling (hereinafter collectively referred to as defendants). Defendants thereupon moved to preclude plaintiff from presenting any proof on the contested matters or, alternatively, to compel plaintiff to supply the requested information. Relevant to this appeal is Supreme Court's refusal to order plaintiff to respond to demand Nos. 6 and 7, or to supplement or further clarify her response—which defendants contend was unreasonably vague —to demand No. 5.

We reject defendants' contention that Supreme Court should have ordered plaintiff to comply with their demand Nos. 6 and 7, seeking statements of the accepted medical practices, customs and standards they allegedly violated, and the specific ways in which they did so. These demands are beyond the scope of a bill of particulars (see, CPLR 3043 [a] [3]; State of New York v General Elec. Co., 173 AD2d 939, 941); to answer them, plaintiff would have to provide evidentiary material in the form of, or gleaned from, expert testimony (see, McKenzie v St. Elizabeth Hosp., 81 AD2d 1003, 1004; Williams v Shapiro, 67 AD2d 706, 707).

We reach a different conclusion, however, with respect to demand No. 5. Plaintiff's answer to this demand, which seeks a more general description of the negligence allegedly attributable to each of defendants, contains extremely broad statements encompassing virtually any type of malpractice. Where, as here, the complaint is factually vague, and sheds little light on the particular acts or omissions that form the basis of the lawsuit, each defendant is entitled to a bill of particulars that narrows the issues sufficiently to permit a reasonable defense (see, Sheridan v Lemery & Reid, 211 AD2d 894; Batson v La Guardia Hosp., 194 AD2d 705, 706; Morris v Fein, 177 AD2d 915, 916; Bellen v Baghei-Rad, 148 AD2d 827). In sum, plaintiff must provide more specific answers to the questions posed, indicating with reasonable particularity the actions or omissions for which each of defendants is being held accountable.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion with respect to demand No. 5; motion granted to the extent that plaintiff is directed to serve further bills of particulars, responding with reasonable particularity to demand No. 5 of each of the relevant demands for a bill of particulars, within 20 days of service of a copy of this order with notice of entry; and, as so modified, affirmed.