■ LENA MICCARELLI et al., Respondents, v DAVID FLEISS et al., Appellants, et al., Defendant. [631 NYS2d 159] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 21, 1994, which denied defendant physicians' motion seeking to strike plaintiffs' response in their verified bills of particulars to item #8 of defendants' demand for a verified bill of particulars, and granted plaintiffs' cross motion to the extent of striking, nunc pro tunc, item #10 from said demand, unanimously reversed, on the law, defendants' motion granted and plaintiffs' cross motion denied, plaintiffs to serve a response to item #8 of the demand specifying the acts and omissions upon which their claims of negligence against the physician defendants are based, and item #10 reinstated and plaintiffs directed to respond thereto, without costs.

The IAS Court's denial of defendant physicians' motion pursuant to CPLR 3042 (d) to strike plaintiffs' response to item #8 of the demand for a verified bill of particulars was an abuse of discretion. The purpose of a bill of particulars being to amplify the pleadings, limit the proof and prevent surprise at trial (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265), responses to a demand for a bill must clearly detail the specific acts of negligence attributed to each defendant (*Batson v La Guardia Hosp.*, 194 AD2d 705; *Lamb v Rochester Gen. Hosp.*, 130 AD2d 963; *Brynes v New York Hosp.*, 91 AD2d 907). Plaintiffs' response to item #8 does not do this, setting forth only identical vague, nonresponsive allegations of negligence against the physician defendants that cover every conceivable medical malpractice claim without distinguishing their separate alleged acts and omissions. Should plaintiffs lack, as they claim, present knowledge of relevant information requested by the demand, they should be as responsive as possible, stating their inability to respond if such is the case, and upon acquiring the information after disclosure, serving a supplemental bill of particulars (*Brynes v New York Hosp.*, *supra*).

The court also abused its discretion in granting plaintiffs' cross motion and striking item #10 from the demand, which sought a statement of "how it will be claimed each of said injuries was caused by the alleged negligence", finding that such improperly sought evidentiary information. Although there are occasions when a party properly may be required to set forth evidentiary matter in a bill of particulars (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, *supra*), in our view, item #10 does not seek evidentiary information but only a general explanation of causation. In any event, plaintiffs concede that they did not timely object to item #10 by moving to vacate or modify the demand within 10 days of service, as required by CPLR 3042 (former [a]). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ.