■ CHARLES HAYES, Respondent, v JOHN KEARNEY et al., Appellants. [655 NYS2d 170] —Spain, J. Appeal from an order of the Supreme Court (Best, J.), entered April 9, 1996 in Montgomery County, which denied defendants' motions to compel plaintiff to serve amended bills of particulars.

Following cataract surgery, plaintiff developed an infection in his left eye which required its removal. Plaintiff subsequently commenced this medical malpractice action against the surgeon who performed the cataract operation, defendant John Kearney, and the hospital where it was performed, defendant Nathan Littauer Hospital. After joinder of issue, each defendant served upon plaintiff a demand for a bill of particulars and plaintiff, in turn, served his responses. Each defendant objected to plaintiff's respective bill of particulars on the basis of vagueness and overbreadth and moved pursuant to CPLR 3042 (d) to compel plaintiff to serve amended bills of particulars. Supreme Court denied the motions and defendants appeal.

"The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265; *see, Blank v Schafrann*, 180 AD2d 886, 887). The "responses to a demand for a bill must clearly detail the specific acts of negligence attributed to each defendant" (*Miccarelli v Fleiss*, 219 AD2d 469, 470; *see, Heyward v Ellenville Community Hosp.*, 215 AD2d 967, 968; *Morris v Fein*, 177 AD2d 915, 916).

In the instant case, plaintiff served upon each defendant a verified bill of particulars which contains general and nonspecific statements in response to defendants' demands. Plaintiff's response to Kearney's demand No. 3, which seeks particularity with respect to the acts or omissions for which he is being held accountable, contains vague and overly broad statements in paragraphs 3 (a), (b), (e), (o), (w), (x) and (kk). "Where, as here, the complaint is factually vague, and sheds little light on the particular acts or omissions that form the basis of the lawsuit, each defendant is entitled to a bill of particulars that narrows the issues sufficiently to permit a reasonable defense" (*Heyward v Ellenville Community Hosp.*, *supra*, at 968). Furthermore, phrases such as "among other conditions" and "among others", used by plaintiff at the end of paragraphs 4 and 6 of his response, are clearly very broad, vague and impermissible. The use of such words or phrases in a bill of particulars "destroys its most essential functions, to wit: to limit proof and to prevent surprise to an adverse party" (*Schlenker v School Dist. No. 15*, 198 Misc 775, 775-776).

Plaintiff's response to the hospital's demand contains similar deficiencies. Response No. 3 contains numerous statements which are in our view "insufficiently informative" (*Morris v Fein*, *supra*, at 916). For example, plaintiff claims in response No. 3 (a) that defendant hospital was negligent "[i]n failing to give adequate and reasonable care and attention to the plaintiff * * * under the circumstances then and there existing". In response No. 4, plaintiff reiterates the same deficient responses provided to Kearney as set forth above, and response No. 5 merely refers back to the deficient responses in response No. 3.

In our view "plaintiff must provide more specific answers to the questions posed, indicating with reasonable particularity the actions or omissions for which each of the defendants is being held accountable" (*Heyward v Ellenville Community Hosp.*, *supra*, at 968). Should plaintiff lack present knowledge of any relevant information requested, he should be as responsive as possible stating his inability to respond and, upon acquiring the information after disclosure, serving an amended or supplemental bill of particulars, whichever is appropriate (*see, Miccarelli v Fleiss*, *supra*, at 470; *see also*, CPLR 3042 [b]; 3043 [b], [c]).

Crew III, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motions to compel plaintiff to serve an amended bill of particulars; said motions are granted to the extent that plaintiff is directed to

serve further bills of particulars, responding with reasonable particularity to defendant John Kearney's demand Nos. 3, 4 and 6 and to defendant Nathan Littauer Hospital's demand Nos. 3, 4 and 5 within 30 days of service of a copy of this order with notice of entry; and, as so modified, affirmed.