■ WYNOLA GRAVES, as Parent and Guardian of JAQUAN DAISE et al., Infants, Respondent, v COUNTY OF ALBANY et al., Defendants, and KENNETH W. NOLAND, Individually and Doing Business as NOLAND PAINTING & CONSTRUCTION COMPANY, Appellant. [717 NYS2d 420] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 24, 2000 in Albany County, which, *inter alia*, denied defendant Kenneth W. Noland's motion to preclude.

Plaintiff, the mother of Jaquan Daise and Janet Lundy (hereinafter the children), initiated this action seeking money damages for personal injuries sustained as a result of the children's exposure to lead-based paint. After defendant Kenneth W. Noland (hereinafter defendant) objected to the bill of particulars served by plaintiff, Supreme Court ordered plaintiff to provide a further bill of particulars, which was subsequently provided. In response to the further bill of particulars, defendant moved for an order pursuant to CPLR 3042 (d) precluding plaintiff from offering evidence at trial as to certain items which she had been directed to furnish. Supreme Court denied defendant's motion as well as similar cross motions made by other defendants. Defendant appeals.

We affirm. " 'The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial' " (*Hayes v Kearney*, 237 AD2d 769, quoting *Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265). While acts of negligence attributed to each defendant must be specified in the responses to a demand for a bill of particulars, they need not provide evidentiary material or expert testimony (*see, Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773). Moreover, the trial court has broad discretion to determine compliance with discovery demands (*see, e.g., Sabatello v Frescatore*, 200 AD2d 939, 940). Here, Supreme Court acknowledged that the information requested could not be ascertained or alleged with the level of specificity sought by defendant, but nevertheless correctly found that plaintiff's allegations provide defendant with sufficient information to conduct depositions and prepare a defense.

Defendant's demand asked plaintiff to specify the dates and times the children allegedly were exposed to lead paint. Plaintiff provided the dates of every blood test performed on the children during their residence at the premises where defendant performed work. Plaintiff further alleged in utero exposure with respect to Janet. Given the nature of the injuries

alleged and plaintiff's excusable uncertainty as to when the children ingested the material causing those injuries, these responses sufficiently apprised defendant of the time of the children's exposure to enable him to prepare a defense.

The demand asked plaintiff to "precisely identify" all places on the premises where the children allegedly were exposed to lead-based paint. Plaintiff responded by furnishing inspection records identifying specific areas that continued to contain lead hazards following the abatement performed by defendant, adequately apprising defendant of plaintiff's claim that defendant's inadequate abatement in those areas resulted in further exposure of the children to lead.

The demand also asked plaintiff to specify defendant's particular acts of negligence or culpable conduct which plaintiff claims were the cause of the children's injuries. While responses must specify the acts of negligence as to each defendant, a general statement of the acts or omissions constituting the negligence claimed is sufficient (*see, Da Biere v Craig*, 268 AD2d 875, 876; *see also*, CPLR 3043 [a] [3]). Here, plaintiff asserted that defendant failed to identify, remove or otherwise abate the areas containing lead paint. Plaintiff also cited various regulations and statutes with which defendant allegedly did not comply. These responses were sufficient (*see, Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773, *supra*), and plaintiff's repetition of them to defendant's demands regarding causation were sufficient inasmuch as they provide defendant with a general explanation of causation and allege that defendant's acts of negligence set forth in the bill of particulars contributed to or created the dangerous condition of lead paint accessible by the children.

Lastly, defendant contends that plaintiff failed to provide the amount and method of computation of the children's future economic loss. In her bill of particulars, plaintiff stated only that the children "have never worked." Plaintiff counters defendant's objection to this response by asserting that a more adequate response regarding future economic loss will be given when providing expert disclosure upon filing a note of issue in compliance with the requirements of CPLR 3101 (d) (1) (i). Supreme Court did not abuse its discretion in accepting this promise of future particularization of plaintiff's claim for damages (*see, Felock v Albany Med. Ctr. Hosp., supra*, at 774).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.