OPINION OF THE COURT
Per Curiam.
Order entered on or about February 28, 2001 reversed, with $10 costs, motion denied and petition reinstated. Tenant’s time *621 to serve an answer is extended until 10 days after service upon him of this decision and order, with notice of entry.
The July 20, 2000 notice to cure underlying this summary holdover proceeding alleged that the tenant was in violation of specified provisions of his proprietary lease and the cooperative board’s house rules by having “permitted unreasonable noises to emanate from [his] apartment and hav[ing] engaged in a course of conduct that substantially interferes with the rights of other tenant-shareholders in the * * * premises.” The notice went on to state that the offending noises “continue at all hours of the day and night and include, but are not limited to, yelling and screaming, stomping, unreasonably load [sic] television and music/stereo playing, slamming of drawers and doors, barking dog, and vacuuming during late evening and early morning hours.” Such conduct, it was alleged, “threatens the health, safety and welfare of the tenant-shareholders in the building.”
The cure notice thus was sufficiently detailed and particularized to survive the tenant’s preanswer “void for vagueness” challenge, and was “reasonable * * * in view of [the] attendant circumstances” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 17, lv denied 90 NY2d 829). That the notice meaningfully apprised tenant of the basis of the claimed lease violations was confirmed by tenant’s attorney’s letter of August 10, 2000, advising landlord’s counsel of the tenant’s apparent willingness “to cure the alleged default under the proprietary lease * * * [by] retain [ing] an acoustical engineer to develop specifications for the purpose of reducing the sounds emanating through the floors, ceiling and walls of the entire apartment.” Contrary to the view expressed below, the cure notice was not required to contain allegations of specific dates or times of the claimed misconduct, information which, if “necessary for preparation of a defense can be acquired through a bill of particulars” (City of New York v Valera, 216 AD2d 237, 238).
McCooe, J. P., Davis and Suarez, JJ., concur.