■ PAUL MAWHINNEY et al., Individually and as Parents and Natural Guardians of RYAN P. MAWHINNEY, an Infant, Respondents, v STEPHANIE J. RUMPF et al., Defendants, and COUNTY OF MONROE, Appellant. [747 NYS2d 836] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered September 5, 2001, which denied the motion of defendant County of Monroe seeking to compel plaintiffs to serve a supplemental bill of particulars and more complete responses to its demand for discovery.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant County of Monroe's motion in part and directing plaintiffs to serve a supplemental bill of particulars and a further response to defendant County of Monroe's demand for discovery within 60 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying that part of the motion of defendant County of Monroe (County) seeking to compel plaintiffs to serve a supplemental bill of particulars (*see* CPLR 3042 [d]) and more complete responses to the County's demand for discovery (*see* 3126). Although we recognize that a bill of particulars is not a disclosure device and is "designed simply to amplify or supplement a pleading" (*Northway Eng'g v Felix Indus.*, 77 NY2d 332, 335), we nevertheless conclude that plaintiffs failed to provide adequate responses to the County's demand for a bill of particulars. In response to question 11 (b) and (c), plaintiffs failed to describe the nature of the

brain trauma suffered by their son and the permanency of that trauma. In response to question 13, plaintiffs failed to describe the nature and extent of the permanent loss of use of any body organ, member, function or system of their son. Plaintiffs failed to provide any response to question 14 and misnumbered their responses for questions 15 through 22. In response to question 17, plaintiffs failed to state that they are seeking no medical expenses or to set forth those medical expenses for which they are seeking recovery.

In responding to the County's demand for discovery, plaintiffs failed to provide information concerning the collateral sources, if any, from which plaintiffs have recovered or expect to recover for the items other than medical expenses set forth in the County's demand for discovery. Plaintiffs further failed to respond to the request for information concerning special damages. We therefore modify the order by granting the County's motion in part and directing plaintiffs to serve a supplemental bill of particulars and a further response to the County's demand for discovery within 60 days of service of a copy of the order of this Court with notice of entry. Present— Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.