■ THERESA HANLON et al., Respondents, v ALAN ROSENTHAL et al., Appellants, et al., Defendants. [776 NYS2d 906]—

In an action to recover damages for medical malpractice, etc., the defendants Alan Rosenthal and Long Island Neurological Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 3, 2003, as denied their motion pursuant to CPLR 3126 (3) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs ignored numerous requests by the appellants to serve a verified bill of particulars. The verified bills of particulars which eventually were served provided only vague boilerplate language in response to a demand for "[a] general statement of the acts or omissions constituting the negligence and/or malpractice alleged against the [appellants]." Further, in response to a request for a statement of the "dates and approximate times of the day of the alleged negligent acts and/or omissions," the verified bills of particulars indicated only that the alleged negligent acts occurred during a time period of some 17 months. The court's ensuing preliminary conference order directed the plaintiffs to serve a "responsive" verified bill of particulars within 60 days. Not only did the plaintiffs fail to timely respond to the order or provide any excuse for the delay, but the supplemental bills of particulars which were belatedly served failed to provide more detailed responses to the appellants' demands. Such conduct on the part of the plaintiffs was willful and contumacious, warranting dismissal of the complaint pursuant to CPLR 3126 (3) insofar as asserted against the appellants (*see Ranfort v Peak Tours,* 250 AD2d 747 [1998]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.