■ Jordan Neissel, Respondent, v Rensselaer Polytechnic Institute et al., Appellants. [818 NYS2d 627]—

Carpinello, J. (1) Appeals from an order of the Supreme Court (Connor, J.), entered December 2, 2005 in Columbia County, which denied defendants' motions to compel further response to their demands for a bill of particulars, and (2) motion to dismiss appeal.

Plaintiff commenced this action alleging that he sustained personal injuries while repairing electrical equipment at defendant Rensselaer Polytechnic Institute as a result of defendants' negligence, violation of Labor Law § 200 and maintenance of an inherently dangerous condition. Following plaintiff's response to defendants' demands for a bill of particulars, defendants each moved to compel further response to their demands. Supreme Court denied the motions and defendants now appeal.

Initially, plaintiff has moved to dismiss the appeal as moot because further discovery has taken place since the filing of this appeal. Defendants oppose this motion. Based upon the papers before this Court, we find that plaintiff has not yet served a bill of particulars which satisfies the deficiencies hereinafter described. Accordingly, plaintiff's motion is denied.

Turning to the issues raised in this appeal, we first note that "[t]he purpose of a bill of particulars is to amplify the plead-

ings, limit the proof and prevent surprise at trial" (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265 [1990]; *accord Graves v County of Albany*, 278 AD2d 578, 578 [2000]; *Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773 [1999]). To this end, a bill of particulars must specify the acts or omissions attributed to each defendant and the statutes, regulations or ordinances alleged to have been violated by each defendant (*see Graves v County of Albany, supra* at 578-579; *Felock v Albany Med. Ctr. Hosp., supra* at 773; *Hayes v Kearney*, 237 AD2d 769, 769 [1997]). A bill of particulars need not set forth matter that is evidentiary in nature, as such information is more appropriately obtained through depositions and expert disclosure (*see Felock v Albany Med. Ctr. Hosp., supra* at 773).

Here, plaintiff served a verified bill of particulars in response to each defendant's demand which provided general and nonspecific responses regarding the negligence of all defendants rather than particularizing the acts or omissions each is alleged to have committed (*see Castellano v Norwegian Christian Home & Health Ctr., Inc.*, 24 AD3d 490, 491 [2005]; *Hayes v Kearney, supra* at 770; *McLaughlin v Charles*, 91 AD2d 1119, 1119 [1983]). Plaintiff's responses also fail to adequately describe the nature and degree of several of his injuries (*see Mawhinney v Rumpf*, 298 AD2d 885, 885-886 [2002]). Furthermore, plaintiff's responses containing the statement "including but not limited to" are improper as they fail to adequately limit the proof and could result in surprise to defendants (*see Alvarado v New York City Hous. Auth.*, 302 AD2d 264, 265 [2003]; *Hayes v Kearney, supra* at 770). We therefore modify Supreme Court's order by granting defendants' motions in part and directing plaintiff to serve a supplemental bill of particulars containing further responses to certain of defendants' requests.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as denied defendants' motions in their entirety; motion of defendant Rensselaer Polytechnic Institute partially granted by directing plaintiff to serve a supplemental bill of particulars containing further responses to demands 13 and 14, motion of defendant High Voltage Electric Service, Inc. partially granted by directing plaintiff to serve a supplemental bill of particulars containing further responses to demand 10, and motion of defendant M. Scher & Son, Inc. partially granted by directing plaintiff to serve a supplemental bill of particulars containing further responses to demands 3, 6, 16, 19, 20 and 21; and, as so modified, affirmed.