■ Elizabeth Myers et al., Appellants, v Community General Hospital of Sullivan County et al., Defendants, and Robert Mueller, Respondent. [859 NYS2d 753]—

Peters, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered February 28, 2007 in Sullivan County, which granted a motion by defendant Robert Mueller to dismiss the complaint against him.

Plaintiff Elizabeth Myers was involved in an automobile accident in August 2000 and was transported to defendant Community General Hospital of Sullivan County for treatment. While there, Myers underwent a series of radiological examinations that were interpreted by defendant Robert Mueller (hereinafter defendant) as evidencing no sign of fracture or misalignment. Two months later, an MRI of Myers' spine apparently disclosed a compressed fracture at the L1 level.

Myers and her spouse, derivatively, thereafter commenced this medical malpractice action against the hospital which, in turn, commenced a third-party action against defendant and defendant Samuel Okonta, the emergency room physician who treated Myers upon her arrival.* Plaintiffs filed an amended complaint in June 2003 naming defendant, the hospital and Okonta as party defendants and, shortly thereafter, defendant served his demand for a bill of particulars. Plaintiffs responded with an unverified bill of particulars.

As discovery progressed, the sufficiency of plaintiffs' bill of particulars became an issue and, by order dated October 5, 2005,

* The action against Okonta has been discontinued.

Supreme Court directed, among other things, that plaintiffs provide a supplemental bill of particulars "setting forth specific and particular allegations" of the negligence and/or malpractice alleged with regard to defendant. That mandate was reiterated in an order dated October 20, 2005. Although plaintiffs served an unverified "supplemental" bill of particulars in December 2005, it essentially mirrored plaintiffs' original submission. As a result, defendant moved for an order of preclusion in January 2006 which Supreme Court conditionally granted. Plaintiffs, who did not oppose the application, were given 30 days within which to comply and were warned that "any further neglect of their obligation to comply . . . [would] result in the dismissal of this action." When no supplemental bill of particulars was forthcoming, defendant brought the instant motion to dismiss pursuant to CPLR 3126. Supreme Court granted the motion, and this appeal by plaintiffs ensued.

Where, as here, a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion (*see Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 578 [2004]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660 [2004]). The penalty imposed will not be disturbed absent a clear abuse of the court's discretion (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d at 660; *Saratoga Harness Racing v Roemer*, 290 AD2d 928, 929 [2002])—even if the sanction is dismissal of the underlying complaint (*see Manrique v New York-Presbyterian Hosp.*, 40 AD3d 270 [2007]; *Martel v Chupka*, 26 AD3d 474, 475 [2006]).

Based upon our review of the record as a whole, we cannot say that Supreme Court abused its discretion in granting defendant's motion to dismiss. "The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265 [1990] [citation omitted]; *see Graves v County of Albany*, 278 AD2d 578 [2000]). To that end, a bill of particulars "must clearly detail the specific acts of negligence attributed to each defendant" (*Miccarelli v Fleiss*, 219 AD2d 469, 470 [1995]; *see Neissel v Rensselaer Polytechnic Inst.*, 30 AD3d 881, 881-882 [2006]; *Hayes v Kearney*, 237 AD2d 769 [1997]), and the use of phrases such as "including but not limited to" or "among other things," which plaintiffs employed, plainly are improper as they "destroy[ ] its most essential functions" (*Hayes v Kearney*, 237 AD2d at 770 [internal quotation marks and citation omitted]; *see Neissel v Rensselaer Polytechnic Inst.*, 30 AD3d at 882). Here, despite being given three op-

portunities to cure what Supreme Court appropriately concluded was a nonresponsive bill of particulars—particularly with respect to the injuries, subsequent surgeries and loss of earnings allegedly suffered or incurred by Myers—and being warned that continued noncompliance would result in dismissal, plaintiffs nonetheless failed to provide more detailed responses to defendant's demand. Under these circumstances, plaintiffs' willfulness may be inferred and such conduct, in turn, warranted dismissal of the complaint as to defendant (*see Martel v Chupka*, 26 AD3d at 474-475; *Hanlon v Rosenthal*, 7 AD3d 758, 759 [2004]).

Cardona, P.J., Carpinello, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.