OPINION OF THE COURT
Michael L. Weisberg, J.
The question before the court concerns what information may be sought via a demand for a bill of particulars in a holdover summary eviction proceeding predicated on allegations of nuisance. Petitioner alleges that respondent or other occupants of the apartment have thrown feces and urine out the apartment window and that they repeatedly make loud noise. It also alleges that there is a severe clutter condition in the apartment and that the apartment is maintained in a way that constitutes a health and fire hazard. Finally, petitioner al *871 leges that the New York City Department of Housing Preservation and Development (HPD) has placed violations in the apartment as the result of respondent’s conduct and neglect.* The apartment is located on Mulberry Street in the heart of the Nolita neighborhood (north of Little Italy) in Manhattan. Respondent’s tenancy is subject to rent control.
Respondent served a demand for a verified bill of particulars that seeks, among other things, the names, addresses, and telephone numbers of the tenants who have complained about the urine, feces, and noise; the dates of the complaints; the substance of the complaints; the dates and times that the feces and urine are alleged to have been thrown out the window; and the names, addresses, and telephone numbers of “any individuals” who petitioner believes will testify about the allegations contained in the petition. Petitioner responded with a bill of particulars that, with one exception, did not provide the information requested by respondent. Instead, petitioner objected to every demand by respondent except one, claiming that the information sought by respondent is not an amplification of the pleadings, but really evidence that must be sought through discovery. Regarding respondent’s request for the dates and times that the urine and feces were thrown out the window, petitioner claims that the information is not within its personal knowledge but that of its witnesses.
Respondent has moved for various relief in connection with its demand for a verified bill of particulars, including an order compelling petitioner to comply with the demand or striking its pleadings.
The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (see Miccarelli v Fleiss, 219 AD2d 469, 470 [1st Dept 1995]). “[A] bill of particulars amplifies a pleading by setting forth in greater detail the nature of the allegations and what the party making them intends to prove” (Northway Eng’g v Felix Indus., 77 NY2d 332, 336 [1991] [emphasis supplied]; see also Siegel, NY Prac § 238 at 414 [5th ed 2011] [“It supplies more detail and therefore affords the adverse party a more thorough picture of the claim or defense being particularized”]). For example, in an action in which the plaintiff alleged injury resulting from the *872 negligent acts of his physicians, defendants were entitled to a bill of particulars detailing the specific acts of negligence committed by the defendants and how plaintiff’s injuries were caused by those acts (see Miccarelli, 219 AD2d at 470).
Petitioner claims that provision of the dates and times of the offending conduct and the nature of the dangerous conditions or health and safety hazards resulting from the condition of the apartment are not properly the subject of a demand for a bill of particulars. Petitioner argues that this information can only be sought via discovery. But the appellate courts have repeatedly held that a demand for a bill of particulars is an appropriate device for obtaining these types of details in a holdover summary eviction proceeding (see Pinehurst Constr. Corp. v Schlesinger, 38 AD3d 474 [1st Dept 2007] [dates, times, and nature of tenant’s misconduct, as well as actual copies of neighbors’ complaints]; City of New York v Valera, 216 AD2d 237 [1st Dept 1995] [dates and times]; Chelsea 19 Assoc. v Coyle, 22 Misc 3d 140[A], 2009 NY Slip Op 50431[U] [App Term, 1st Dept 2009] [details concerning tenant’s failure to cure noise condition]; Gracie Gardens Owners Corp. v Goldfarb, 189 Misc 2d 620 [App Term, 1st Dept 2001] [dates and times]; D.K. Prop. v Mekong Rest. Corp., 187 Misc 2d 610 [App Term, 1st Dept 2001] [dates and times]; Barrett v Silva, 18 Misc 3d 126[A], 2007 NY Slip Op 52359[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007] [details concerning landlord’s planned use of apartment for family member]).
Petitioner’s objections to providing much of the information requested by respondent’s demand reveal a party seemingly intent on having its adversary walk into an ambush on the day of trial. But gaining advantage from intentional surprise has no part in our adversarial system. “The purpose of litigation is to achieve a just result and not to spring a surprise on one’s adversary” (Zayas v Morales, 45 AD2d 610, 613 [2d Dept 1974]). Even within the specialized confines of a summary proceeding, where leave of court is required for discovery, the court will not sanction the deliberate concealment of the most basic facts of a party’s claim. To do so would undermine a policy against surprise in litigation dating back to at least 1922, when the Appellate Division, in the context of a discovery dispute, stated that “[t]he court has no interest in assisting the party to conceal the grounds of his prosecution or his defense, in the hope that surprise at the trial may give him advantage” (Eagle-Picher Lead Co. v Mansfield Paint Co., Inc., 203 App Div 9, 12 [3d Dept 1922]).
*873 Petitioner also claims that it cannot provide much of the information because it is not within its personal knowledge, but that of its witnesses (and therefore it cannot comply with the demand that its bill be verified). In many holdover proceedings, especially those based on allegations of nuisance, the dates and times of the tenant’s conduct will only be within the personal knowledge of other tenants. But there is no exception to a party’s obligation to provide a bill of particulars based on its lack of personal knowledge. Instead, petitioner’s remedy is to simply state in its bill that the information provided is not within its personal knowledge, but has instead been provided by the individual who does have personal knowledge.
Although not in its bill nor in its written opposition to the motion, petitioner claimed at oral argument that it does not yet know all of the dates and times of objectionable conduct that it intends to prove at trial. Presumably, petitioner ascertained at least some dates and times of the incidents complained of before commencing this proceeding. But it will often be the case that a party does not have all the information required to completely prepare a bill of particulars within the time frame required by the statute. This, too, does not relieve petitioner of the obligation to provide a bill. Instead, petitioner’s remedy is to respond to the demand as fully as possible, set forth its lack of knowledge as necessary and the basis therefor, and to supplement the bill after it has obtained additional information (see Miccarelli, 219 AD2d at 470; see also Siegel, NY Prac § 240 at 418 [5th ed 2011] [“What does the recipient do who has received a valid demand but who does not yet know all of the details needed to draw the bill of particulars? The recipient should draw the bill as completely as then able to, and candidly note the present inability to go any further, setting forth an explanation”]).
Respondent has also requested the identities of those tenants who have observed and complained about urine and feces being thrown out the window and about loud noises from respondent’s apartment. Petitioner alleges that this conduct constitutes a nuisance, and so to prevail in this proceeding with respect to those claims, petitioner will have to show that said conduct affected other building residents (see Roxborough Apts. Corp. v Kalish, 22 Misc 3d 130[A], 2009 NY Slip Op 50127[U], *1 [App Term, 1st Dept 2009] [granting tenant summary judgment dismissing the petition in a nuisance holdover where “(i)n the absence of any claim or showing that tenant’s *874 alleged refusal to allow the landlord access to the subject apartment to remedy the lead paint condition therein in any way affected other building residents, landlord failed to state an actionable claim for nuisance”]). The names and addresses of those tenants whose comfort and safety are being threatened by respondent’s conduct are part of what petitioner must prove at trial, and are therefore properly requested as an amplification of the pleadings.
In contrast to the above is respondent’s request for the identities of anyone who will testify. Whereas the tenant in the apartment below respondent’s may suffer a nuisance as the result of urine and feces landing on her windowsill, the random passerby across the street who witnesses the airborne waste is merely a witness to an event. Petitioner may decide to call that individual to testify about what she observed, but the existence of that individual is not part of petitioner’s prima facie case, and thus cannot be said to properly be the subject of a bill of particulars. Similarly, respondent’s request for the rents charged for each apartment in the building has no relation to what petitioner intends to prove at trial and is therefore improper.
Respondent’s motion is granted solely insofar as, within 20 days of service of this order with notice of entry, petitioner is ordered to provide a verified bill of particulars containing the information requested by paragraphs two through five of respondent’s demand, except that petitioner is not required to provide any telephone numbers or any of the information requested in paragraph five pertaining to experts or professionals retained by petitioner. To the extent that this order requires petitioner to provide the substance of the complaints by tenants in the building and information contained in subsequent correspondence between those tenants and petitioner and its agents, the information that petitioner is required to provide is limited to that which describes the type of conduct complained of and the specific details thereof, the dates and times of said conduct, and the manner in which the conduct interfered with the comfort and safety of the tenant.

 As of February 19, 2016, HPD’s website shows that the only violations existing in the apartment in the last three years are for lead paint. Petitioner’s notice does not specify how respondent’s conduct or neglect caused a lead paint condition.