Stoddard v New York Oncology Hematology, P.C. (2019 NY Slip Op 03429)





Stoddard v New York Oncology Hematology, P.C.


2019 NY Slip Op 03429


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527203

[*1]JUDY STODDARD, as Administrator of the Estate of CHERRI A. STODDARD, Deceased, Appellant,
v
NEW YORK ONCOLOGY HEMATOLOGY, P.C., et al., Respondents, et al., Defendants.

Calendar Date: March 19, 2019

Before: Clark, J.P., Mulvey, Aarons and Rumsey, JJ.


Powers & Santola, LLP, Albany (Kelly C. Wolford of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for New York Oncology Hematology, P.C. and others, respondents.
O'Connor, O'Connor, Bresee & First, PC, Albany (Hilda R. Marinello of counsel), for Mikhail Chilingaryan, respondent.
Burke, Scolamiero & Hurd, LLP, Albany (Jessica L. Darrow of counsel), for Vanessa Denning and another, respondents.
Thuillez, Ford, Gold, Butler & Monroe, LLP, Albany (Daisy F. Paglia of counsel), for Christopher M. Hessick, respondent.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Diane Lufkin Schilling of counsel), for Joel E. Moses, respondent.
Thorn, Gershon, Tymann and Bonanni, LLP, Albany (Kelly A. Herczeg of counsel), for James Puleo Jr., respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals from six orders of the Supreme Court (McNally Jr., J.), entered August 15, 2018 in Rensselaer County, which, among other things, partially granted certain defendants' motions for a conditional order of preclusion.
In March 2014, Cherri A. Stoddard (hereinafter decedent), who had been diagnosed with colon cancer, became a patient of defendant New York Oncology Hematology, P.C. (hereinafter NYOH) and defendant Lawrence Garbo. They prescribed continuous intravenous chemotherapy treatment known as FOLFOX 6, which included a dose of the drug fluorouracil (hereinafter 5-FU). Prior to beginning the treatment, decedent was informed that if she had a gene mutation known as dihydropyridimine dehydrogenase (hereinafter DPD) deficiency, she should not have the FOLFOX 6 treatment because that mutation can cause a toxic buildup of
5-FU. Decedent was not aware of whether she had a DPD deficiency and apparently was not informed that there was a laboratory test available to detect it. After the treatment began, decedent experienced side effects, went to the emergency department of defendant Memorial Hospital, and was admitted and received treatment there for 13 days before being transferred to another hospital, where she later died.
Plaintiff, as administrator of decedent's estate, commenced this action alleging, as amended and as relevant here, medical malpractice and wrongful death against a hospital, two medical practices and 12 physicians. After receiving demands, plaintiff served each defendant with a verified bill of particulars. Following an inability to resolve defendants' objections to the bills of particulars, most of the defendants [FN1] moved for conditional orders striking certain portions of the bills of particulars and precluding plaintiff from introducing evidence related to those matters unless plaintiff served sufficiently detailed amended bills of particulars. Supreme Court addressed defendants' motions in six orders, finding, with respect to each moving defendant, that certain of plaintiff's responses were insufficient and that evidence of matters related to those responses would be precluded unless plaintiff served amended bills of particulars within 30 days. Plaintiff appeals from the court's six orders. We affirm.
"The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial. To that end, a bill of particulars must clearly detail the specific acts of negligence attributed to each defendant, and the use of phrases such as 'including but not limited to' or 'among other things' . . . plainly are improper as they destroy its most essential functions" (Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d 1359, 1360 [2008] [internal quotation marks, brackets and citations omitted]; see Neissel v Rensselaer Polytechnic Inst., 30 AD3d 881, 881-882 [2006]; Hayes v Kearney, 237 AD2d 769, 770 [1997]). "[E]ach defendant is entitled to a bill of particulars that narrows the issues sufficiently to permit a reasonable defense" (Hayes v Kearney, 237 AD2d at 770 [internal quotation marks and citation omitted]), and responses "must clearly detail the specific acts of negligence attributed to each defendant" (id. at 769 [internal quotation marks and citation omitted]; see Felock v Albany Med. Ctr. Hosp., 258 AD2d 772, 773 [1999]). Trial courts have broad discretion to determine whether a party has complied with discovery demands or provided sufficient information in a bill of particulars (see Graves v County of Albany, 278 AD2d 578, 578 [2000]).
As relevant here, defendants' demands required plaintiff to detail "[e]ach and every act of omission and commission constituting the alleged negligence and medical malpractice with which the plaintiff charges [the answering defendant]." Plaintiff responded to each defendant that he, she or it was negligent by: "A. Failing to properly diagnose [decedent's] DPD deficiency and the effects thereof in a timely manner; B. Failing to properly diagnose [decedent's] 5-FU toxicity condition and the effects thereof in a timely manner; C. Failing to properly treat [decedent's] 5-FU toxicity condition and the effects thereof in a timely and appropriate manner." Supreme Court did not abuse its discretion in concluding that the language "and the effects [*2]thereof," without more specificity, rendered the responses vague and insufficiently informative (see Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d at 1360; Hayes v Kearney, 237 AD2d at 770; Morris v Fein, 177 AD2d 915, 916 [1991]).
Moreover, although, "in a medical malpractice action, as in any action for personal injuries, the bill of particulars requires only a general statement of the acts or omissions constituting the negligence claimed" (Felock v Albany Med. Ctr. Hosp., 258 AD2d at 773 [internal quotation marks, brackets and citation omitted]; see CPLR 3043 [a] [3]; Rockefeller v Chul Hwang, 106 AD2d 817, 818 [1984]), responses will be deemed insufficient where there are several defendants and the plaintiff serves bills of particulars with "essentially identical" responses "even though it seems obvious that the role[s] of the [several] defendants differed" (Batson v La Guardia Hosp., 194 AD2d 705, 706 [1993]; see Sealy v Uy, 132 AD3d 839, 840 [2015]; Brusco v St. Clare's Hosp. & Health Ctr., 128 AD2d 390, 391 [1987], appeal dismissed 70 NY2d 692 [1987], lv denied 70 NY2d 606 [1987]; Brynes v New York Hosp., 91 AD2d 907, 907 [1983]; see also Kanaly v DeMartino, 162 AD3d 142, 147-148 [2018]). Defendants here practice in discrete medical specialties and played varied roles by providing treatment for certain of decedent's complaints at different times during her hospitalization. Because plaintiff "provided general and nonspecific responses regarding the negligence of all defendants rather than particularizing the acts or omissions each is alleged to have committed," we cannot conclude that Supreme Court erred in holding that plaintiff's responses were insufficient (Neissel v Rensselaer Polytechnic Inst., 30 AD3d at 882; see Miccarelli v Fleiss, 219 AD2d 469, 470 [1995]; see also Kanaly v DeMartino, 162 AD3d at 147-148). Similarly, plaintiff must provide more specificity in her responses to demands where she merely referred back to these deficient responses (see Hayes v Kearney, 237 AD2d at 770)[FN2]. Accordingly, Supreme Court did not abuse its discretion in ordering preclusion unless plaintiff provides more specificity to some of her responses in her bills of particulars.
Clark, J.P., Aarons and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, with one bill of costs.



Footnotes

Footnote 1: The term defendants will hereinafter refer to all defendants except Naeem Ahmed, Memorial Hospital and St. Peter's Health Partners Medical Associates, P.C., who were not involved in the relevant motion practice and are not involved in this appeal.

Footnote 2: Supreme Court's order addressing the motion of NYOH and related defendants is inconsistent in this regard. We deem the portion of the order's decretal paragraphs stating that the motion is denied with respect to paragraphs 6 and 9-14 of the bills of particulars to be in error, as it is contradicted not only by the body of that order but also by the court's orders deciding the other defendants' motions in regard to similar responses.